310 F.2d 618
 PENNSYLVANIA THRESHERMEN & FARMERS' MUTUAL CASUALTY
INSURANCE COMPANY, Plaintiff, Appellee and Cross-Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation,
Defendant, Appellant and Cross-Appellee, v. Tommie DRAKE,
d/b/a Drake's Gin, Frank Drake, David George Forrester, and
Carolina Tank Corporation, a corporation, Defendant, Appellees.
 No. 8734.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 9, 1962.
Decided Nov. 5, 1962.
 
 Andrew B. Marion, Greenville, S.C. (Robert S. Galloway, Jr., Greenville, S.C., on brief), for appellant and cross-appellee.
 Robert N. Daniel, Jr., and Fletcher C. Mann, Greenville, S.C. (Leatherwood, Walker, Todd & Mann, Greenville, S.C., on brief), for appellee and cross-appellant.
 Wilburn C. Gable, Jr., Anderson, S.C. (Grisso & Gable, Anderson, S.C., on brief), for appellees Tommie Drake and Frank Drake.
 Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and WINTER. District Judge.
 SOPER, Circuit Judge.
 
 
 1
 This suit was brought to determine the liabilities of two insurance companies for damages resulting from a collision between an automobile and a tractor trailer unit which was covered as to the tractor by one insurance company and as to the trailer by the other insurance company. The suit was instituted by Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company (PTF), whose policy covered the tractor, against Tommie Drake, the insured thereunder who owned the tractor, David George Forrester, the operator of the automobile involved in the collision, Hartford Accident and Indemnity Company (Hartford), Whose policy covered the trailer, and Carolina Tank Corporation (Carolina), the insured thereunder who owned the trailer.
 
 
 2
 Forrester instituted suit in the Court of Common Pless for Anderson County, S.C., against Tommie Drake, the owner, and Frank L. Drake, the driver of the tractor trailer at the time of the accident, seeking damages in the sum of $50,000; and PTF was called upon to defend the suit under the terms of its policy. Reserving all rights to contest its liabilities under its policy, PTF filed defensive pleadings on behalf of the Drake defendants. Thereafter, the instant suit for declaratory judgment was filed in the court below where jurisdiction was based on diversity of citizenship. The District Judge held that both insurance companies were liable for any recovery for damages caused by the collision in the proportions set out in the policies.
 
 
 3
 The accident happened on September 4, 1960, during the return trip of the tractor trailer after having delivered a cargo of tanks of gasoline to its destination. The trip was undertaken in accordance with an agreement between Tommie Drake and Carolina under which Tommie Drake furnished his tractor and a driver, Frank L. Drake, and paid the expenses of hauling Carolina's trailer loaded with gasoline tanks from starr, S.C., to Savannah, Ga., for the sum of $262.50. Tommie Drake was a farmer and cotton ginner who occasionally transported merchandise for hire in a tractor trailer unit owned by him. He was employed on this occasion by Carolina to transport the gasoline because the tractor customarily used in its tractor trailer unit had broken down and was being repaired. The Carolina trailer was especially designed for the transportation of gasoline tanks and was in good condition and was, therefore, used on this occasion instead of Drake's trailer. It was easier to load and unload and to pull. The parties to the contract agreed on the charge of 25 cents a mile for the trip which, according to the undisputed testimony, was somewhat more than Drake was accustomed to charge for the use of his entire tractor trailer outfit.
 
 
 4
 On the return trip, after making delivery of the cargo, the tractor trailer, under the charge of Frank Drake, collided, around midnight, with the automobile of one James Miller and both vehicles were disabled; before they could be disengaged Forrester's automobile collided with the tractor.
 
 
 5
 PTF contends that it is free from liability under its policy be reason of its exclusion clause. We do not agree. The policy provides for coverages A and B relating to bodily injury and property damage liability, respectively, and then defines the 'insured' and sets out the exclusion clause in the following terms:
 
 
 6
 'III Definition of Insured. (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either * * *'
 
 
 7
 'Exclusions-- This policy does not apply: * * * (c) under coverages A and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company; * * *.'
 
 
 8
 As will be seen, the exclusion clause in this policy clearly provides that the insurance does not cover bodily injury or property damage liability while the insured vehicle-- in this case the tractor-- 'is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company'. Pointing out the established fact that the tractor owned by Drake was being used for towing the trailer owned by Carolina at the time of the collision, and that the trailer was not covered by a policy issued by it, PTF contends that the trailer at that time was 'hired' by Drake and, therefore, the terms of the exclusion clause are satisfied. PTF's position is that Drake hired the Carolina trailer because by its use on this trip the time consumed and the cost involved in the transportation and delivery of the gasoline to its destination were reduced. The mutual benefits flowing to the parties from this arrangement, it is said, caused the trailer to be a hired vehicle in Drake's hands. We find no substance in this argument. Drake paid no rental or other compensation for the use of the trailer. On the contrary, as we have seen, he exacted a higher price for the use of his tractor than he ordinarily charged for his complete tractor trailer outfit. There was no hiring on Drake's part. See Hartford Accident and Indemnity Co. v. Shaw, 8 Cir., 273 F.2d 133, 139. The contract merely provided that Drake, for an agreed price, would furnish his tractor and a driver to haul Carolina's loaded trailer from Starr, S.C., to Savannah, Ga., and return the trailer to its owner.
 
 
 9
 Hartford on its part claims that it is free from liability for the accident by virtue of the exclusion clause of its policy. The definition of the 'insured' and the exclusion clause were set out in its policy in the following terms:
 
 
 10
 '3. Definition of Insured: The unqualified word 'Insured' includes the named insured and also includes * * * (2) Under coverages A and C, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * * The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement.
 
 
 11
 (a) with respect to an automobile while used with any trailer owned or hired by the insured and not covered by like insurance in the company; or with respect to a trailer while used with any automobile owned or hired by the insured and not covered by like insurance in the company;
 
 
 12
 (d) with respect to any hired automobile, to the owner, or a lessee thereof other than the named insured, or to any agent or employee of such owner or lessee;'
 
 
 13
 '3. Definitions: * * * (b) Automobile. Except where stated to the contrary, the word 'automobile' means a land motor vehicle or trailer as follows: (1) Owned Automobile-- an automobile owned by the named insured; (2) Hired Automobile-- an automobile used under contract in behalf of, or loaned to the named insured provided such automobile is not owned by or registered in the name of (a) the named insured or (b) an executive officer thereof or (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile; (3) Non-Owned Automobile-- any other automobile.'
 
 
 14
 It will be observed that the owner of the vehicle insured by this policy, that is Carolina the owner of the trailer, does not fall within the terms of the exclusion clause. The policy provides, in effect, that the insurance under the plicy does not apply in certain circumstances with respect to any person or organization other than the named insured. The exclusion clause is directed not to the named insured but to persons using the insured vehicle with the permission of the named insured. Such a person is covered by the omnibus clause subject, however, to the terms of the exclusion clause. Under the latter clause, such a person is excluded from coverage 'with respect to a trailer while used with any automobile owned or hired by the insured and not covered by like insurance in the company.'
 
 
 15
 Drake came within the omnibus clause since he was using a Carolina trailer with its permission. The question is whether he was excluded from coverage on the ground that he was using the trailer with his tractor which was not covered by a Hartford policy. He was excluded if the tractor was 'owned or hired by Carolina'. Since the tractor belonged to Drake and not to Carolina the query is whether on this occasion it was 'hired' by Carolina. The answer is found in the definition in the policy of 'Hired Automobile', as an automobile used under contract in behalf of the named insured (Carolina) provided that the automobile is not owned or registered in the name of the named insured or an executive officer or employee or agent thereof operating under an allowance for its use. Under these provisions it must be held that the tractor was hired by Carolina and that, therefore, Drake was excluded from the coverage of the Hartford policy. He was using the Carolina trailer under a contract in behalf of the named insured for the transportation of the gasoline tanks, his tractor was not owned or registered in the name of Carolina, and he was not an officer or employee or agent of Carolina operating under an allowance for the use of his vehicle. See National Mutual Insurance Co. of District of Columbia v. Liberty Mutual Insurance Co., 90 U.S.App.D.C. 362, 196 F.2d 597, cert. denied 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638; Chesher v. United States Casualty Co., 303 N.Y. 589, 105 N.E.2d 99, 32 A.L.R.2d 568; Bradford v. Wertz (La.App.), 52 So.2d 47.
 
 
 16
 Notwithstanding the provisions of the exclusion clause in the Hartford policy, PTF contends that the tractor trailer combination used by it at the time of the accident was covered by the Hartford policy because Drake's tractor was used as a temporary substitute automobile in place of the Carolina tractor which was undergoing repairs. We find no clause in the Hartford policy relating to the use of a substitute automobile but if such a clause were found it would not exempt the substitute from the operation of the exclusion clause. It is obviously the purpose of the ordinary substitute clause to cover an automobile temporarily used to the same extent as the automobile described in the policy but not to give the substitute automobile a wider coverage.
 
 
 17
 It remains to be considered whether Carolina, which was not within the exclusion clause, had any liability for the damages caused by the accident which would bring it within the coverage of the policy. This is a matter of importance since an affirmative answer to the inquiry would increase the protection of the operator of the tractor trailer outfit and would lead to an apportionment of the damages between the two insurance companies according to the relevant clauses of the two policies. The contention is that Drake was about the business of Carolina when he hauled its property from South Carolina to Georgia and made the return trip; and that Drake's driver was subject to Carolina's control from the time he reached the Carolina plant and connected the two vehicles together until he completed delivery of the goods and returned the trailer to its owner. Reliance is placed upon such decisions as Brownlee v. Charleston Motor Express Co., 189 S.C. 204, 200 S.E. 819, where it is held that a general servant of one person may be hired or loaned by his master to another for a special service so as to become the servant of the other person for this purpose, the test of liability being whether in the particular service he continues liable to the direction and control of his master or becomes subject to that of the person to whom he is loaned or hired. The decisive factor under this rule in the pending case is whether Carolina had the authority to control the driver during the trip or whether control remained in Tommie Drake, his employer, as an independent contractor. The uncontradicted evidence presents a clear answer to the inquiry. The only part played by Carolina in the carriage of the goods after it entered into the contract with Tommie Drake was to deliver the loaded trailer to the driver and to inform him where the cargo was to be taken and delivered. Carolina exercised no other control. The testimony affirmatively shows that Carolina gave no instructions as to the route to be followed, the time to be taken or the stops to be made. The driver was employed and paid and furnished with expense money by the owner of the tractor. In our view the only reasonable conclusion from the facts is that Drake undertook to transport the goods for a specified price, furnished the vehicle and the driver for the expedition and had complete control of the driver throughout. Under these circumstances Hartford has no liability under its policy in this case.
 
 
 18
 The judgment of the District Court is affirmed as to the liability of PTF under its policy but reversed as to the liability of Hartford under its policy, and the case is remanded so that judgment may be entered in the District Court in accordance with this opinion.
 
 
 19
 Affirmed in part, reversed in part, and remanded.