**HARDBERGER AND SMYLIE, a Co-partnership, and William H. Rabe, Plaintiffs-Appellants,**

v.

**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Defendant-Appellee.**

No. 559–70.

United States Court of Appeals, Tenth Circuit.

July 12, 1971.

Harry R. Palmer, Jr., Oklahoma City, Okl., for appellants.

Burton J. Johnson, Oklahoma City, Okl., for appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

This appeal is taken from Summary Judgment granted on motion of defendant-appellee, Employers Mutual Liability Insurance Company, hereinafter called Mutual. This case was initiated on a Complaint for Declaratory Judgment by plaintiffs-appellants, Hardberger and Smylie, a co-partnership, hereinafter called Partners, and William H. Rabe, an employee of Partners, hereinafter called Rabe. The trial court, upon consideration of the pleadings, certain depositions and admissions of the parties, determined that there was no genuine issue as to any material fact and that, as a matter of law, Mutual had no obligations to defend or indemnify the appellants under the subject automobile public liability insurance contract.

On January 17, 1968, V. J. Jones Construction Company, hereinafter called Jones Construction, owned a semi-trailer, hereinafter called trailer, insured by Mutual for bodily injury and property damages. On that date Jones Construction leased a truck-tractor, hereinafter called tractor, from Partners together with the Partners' driver, Rabe, to pull a trailer owned by Jones Construction to a particular location in Beaver County, Oklahoma, load up a ditching machine and deliver it to another specific location. The tractor and Rabe were leased for this specific purpose at an hourly rate of $9.00. Rabe was directed by Jones Construction in the use of the tractor. Rabe proceeded to attach the tractor to the trailer, under the direction of a Jones Construction employee who accompanied him. After leaving the Jones Construction property and while passing a filling station, Rabe was instructed by the Jones Construction employee to pull into the station in order to air up a left rear tire to the trailer. The filling station operator, Devo Oquin,

proceeded to fill the tire following instructions from the Jones Construction employee. The tire exploded, injuring Oquin.

Prior to this action, Jones Construction entered into a settlement with Oquin by Covenant Not to Sue for $3,-750.00 which released Jones Construction, its agents, etc. Appellants, Partners and Rabe, were not specifically named in the Covenant. Following this settlement, Oquin filed suit for damages against Partners and Rabe in the District Court of Beaver County, Oklahoma. Partners and Rabe requested defense and indemnity by Jones Construction which was denied. That denial generated this action in the nature of declaratory judgment to determine rights and liabilities under the liability policy issued by Mutual to Jones Construction. Diversity of citizenship and amount in controversy established jurisdiction in the United States District Court for the Western District of Oklahoma.

The policy issued by Mutual, the insurer, to Jones Construction, the named insured, provided liability coverage for property damage and bodily injury to which the insurance applies, caused by an occurrence arising out of "the ownership, maintenance or use" of any automobile. It defined "persons insured" as the named insured and any other person or organization but only with respect to his or its liability because of acts or omissions of the insured. The policy contained an exclusionary or limiting clause which provided that no person or organization, other than the named insured, would be considered insured with respect to:

"(2) a trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company."

The lower court's judgment was basically anchored to the case of Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company v. Hartford Accident and Indemnity Company v. Drake, 310 F.2d 618 (4th Cir. 1962) where the court interpreted similar policy language with particular reference to the verb "used". The trial court in the case at bar ruled that the fair and practical construction of the Mutual policy is that when the Partners attached their hired tractor to the Jones Construction trailer for the purpose of the trip and started towing it for the ultimate purpose of hauling Jones Construction equipment, the Partners were "using" the combined vehicles under the terms of the exclusion. The court found that the filling station stop on the trip was casual; that it did not constitute a cessation of the trailer being used with the tractor; and that the Mutual policy did not provide coverage for the appellants. We concur with the trial court judgment that the Mutual policy did not provide coverage for the Partners. We do not concur in the court's judgment that the Mutual policy did not provide coverage for Rabe, based upon the same limitation provision which the court found applicable to Partners.

We observe that this litigation may have been avoided had Mutual more adequately defined the terms "ownership, maintenance and use". Even so, we do not believe that there is any ambiguity in construction.

■ The contract must be construed, if possible, by application of the substantive law of the State of Oklahoma. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the law of Oklahoma, contracts of insurance are to be liberally construed in favor of the objects to be accomplished. Conditions and provisions will be construed against the insurer who proposed and prepared the policy. American Motorists Insurance Co. v. Biggs, 380 P.2d 950 (Okl.1963). The intention of the parties to a contract must be deduced from the entire agreement and every part must be construed together. Simmons v. Fariss, 289 P.2d 372 (Okl.1955). The views of a Federal District Court in interpreting local law carries extraordinary persuasive force on appeal. Hamblin v. Moun-

tain States Telephone & Telegraph Company, 271 F.2d 562 (10th Cir. 1959).

The trial court leaned heavily on the law applied in Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Co. v. Hartford Accident and Indemnity Co. v. Drake, *supra*, and Maryland Casualty Co. v. Cross, 112 F.2d 58 (5th Cir. 1940), cert. denied 311 U.S. 701, 61 S.Ct. 141, 85 L.Ed. 455 (1940), for its finding that:

> "The fair and practical construction of the Employers Mutual Liability Insurance policy is that when the plaintiffs attached their hired tractor to a trailer of V. J. Jones Construction Company for the purpose of a trip and started towing it for the ultimate purpose of hauling equipment for V. J. Jones Construction Company, that plaintiffs were using the combined vehicles under the terms of the exceptions stated in the Employers Mutual Liability Insurance Company. These exceptions are to exclude coverage to the plaintiffs under such conditions, even though a casual stop on the trip may have been made. This casual stop would not be a cessation of the trailer being used with a motor vehicle of the plaintiffs; therefore, the insurance coverage of the defendant company does not apply to plaintiffs herein."

The Court found that when Plaintiffs attached their tractor to the trailer for the specific purpose of the trip and commenced the trip for that specific purpose, they were "using" the trailer. The cases cited by the trial court stand for the rule that insurance does not go on and off whenever, during a towing enterprise, the automobile stops or starts and that, under these circumstances, maintenance is incidental to use.

While there is authority contra, we believe that the Court's order granting summary judgment on behalf of Mutual against Partners is consistent with Penley v. Gulf Insurance Company, 414 P.2d 305 (Okl.1966). In that case, Gulf Insurance Company had issued a commercial-use vehicle liability policy to Penley Oil Company. Penley's employee made a delivery in a partitioned tank-truck, one side containing regular gasoline and one side containing diesel fuel. The Penley employee mistakenly put regular gasoline in a motor grader instead of diesel fuel. The motor grader was damaged when it was run with the gasoline instead of diesel fuel. The customer sued Penley for the resulting damages. Gulf denied coverage, notwithstanding that under its policy issued to Penley it agreed to pay all sums which Penley became legally obligated to pay as damages "caused by accident and arising out of the ownership, maintenance or use of the automobile." Gulf contended that the damages did not arise out of the "use" of the tank-truck owned by Penley. Gulf contended that there was no "use" made of the tank-truck during the unloading process. It relied upon the "coming to rest" doctrine. Under this view, when the vehicle itself is no longer connected with the process of unloading and has come to a complete rest, it is not in "use". See 160 A.L.R. 1259–1277.

The opposite view, adopted by the Oklahoma Supreme Court in Penley v. Gulf Insurance Co., *supra*, is the "complete operation" doctrine. Applying that doctrine the court held that "loading and unloading" is included in the entire process of movement of articles from the place where the insured found the articles which were to be moved by truck to the place where the insured turned them over to the party to whom it was to make delivery. The lower court's interpretation of the term "use" in the case at bar is consistent with the Oklahoma court's adoption of the "complete operation" doctrine.

Here the lower court determined that the entire purpose of the trip—both from the point of view of Partners and Jones Construction—was that of towing the trailer to a designated place, loading the trailer with a piece of heavy equipment and moving it from there to another designated location. That mission was, in fact, accomplished following the

tire blowout which caused the injuries to Oquin. The trial court found that the operation of the tractor with the trailer had a proximate and necessary connection with the actual use of the trailer unit upon the highway; and that the act of stopping at the filling station to fill the tire with air was an act of repair or maintenance but one incidental to its actual use and within the scope of the "complete operation".

Further support for the "complete operation" doctrine is found in the case of Commercial Standard Insurance Co. v. Bacon, 154 F.2d 360 (10th Cir. 1946). In that case the policy provided coverage for any losses resulting from the "operation or use" of the vehicle upon the highway. At page 364 the court stated:

> "Before there can be any liability under the policy, the repair must be a necessary incident in the course of an operation or use of the truck upon the highway."

The most common meanings of the word "use" are usefulness, utility, advantage, productive of benefit. Williams v. City of Norman, 85 Okl. 230, 205 P. 144 (1921). We find no error in the order granting summary judgment to Mutual as against Partners.

■■ The court did not distinguish between Rabe and Partners when interpreting the policy exclusion. The court found that "plaintiffs attached their hired tractor" to the Jones Construction trailer for the purpose of the trip and that "plaintiffs were using" the combined vehicles under the terms of the exclusions stated in the Mutual policy. The court erred in this respect. Rabe neither owned or hired the tractor which was attached to Jones Construction's trailer. He was not, accordingly, within the exclusionary provisions found applicable to Partners. The exclusion applied to any person or organization, other than the named insured, with respect to:

> "(2) A trailer while used with any motor vehicle owned or hired by such person or organization and

not covered by like insurance in the company."

Rabe may be an insured under the policy and thereby entitled to defense and indemnity from Mutual relating to his liability, if any, for bodily injury caused by an occurrence and arising out of the ownership, maintenance or use of the hired tractor of Partners.

The policy, with specific reference to "persons insured", provides that, in addition to the named insured, Jones Construction, each of the following is an insured:

> "(c) Any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other persons shall be an insured only if he is:
>
> (1) a lessee or borrower of the automobile, or
>
> (2) an employee of the named insured or of such lessee or borrower;
>
> (d) Any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above."

Under the exclusionary or limiting language of the policy, no person who is an agent or employee of the owner of a hired automobile is an insured, unless "using" it with the permission of the named insured.

The court should determine whether Rabe, loaned by Partners to Jones Construction for the express purpose of driving the tractor attached to the trailer, was at all times during the trip, including the occasion of the accident involving the injuries to Oquin, under the direction and control of his master,

Partners, or of Jones Construction to whom he had been hired or lent. This determination may be critical to establish Rabe's reliance upon Mutual for defense and indemnity by reason of the Covenant Not to Sue. The court must also determine whether Rabe was "using" the tractor as an employee of Partners with the "permission" of Jones Construction. We do not foreclose the application of other provisos contained in the Mutual policy which may bear upon the issue.

The order of the district court granting summary judgment to Mutual with respect to Partners is affirmed.

The order granting summary judgment to Mutual against Rabe is vacated and the cause remanded for further proceedings determinative of Mutual's obligation under its policy issued to Jones Construction to defend and indemnify Rabe.