**FORT et al. v. BASH (LANGHORNE SPEEDWAY, Inc., third party defendant).**

Civ. A. No. 10691.

United States District Court
E. D. Pennsylvania.

Oct. 30, 1950.

C. Clark Hodgson, Philadelphia, Pa., for plaintiff.

John B. Martin, Philadelphia, Pa., for defendant.

George P. Williams, 3d, Philadelphia, Pa., for 3d party defendant.

WELSH, District Judge.

Plaintiffs brought the within action to recover damages for injuries sustained as the result of the negligent operation of a motor vehicle by the defendant on an infield which is surrounded by a race track owned by Langhorne Speedway, Inc. In his answer to plaintiffs' complaint, the defendant admitted the operation of the motor vehicle but denied the remaining averments of said complaint. The defendant filed a third-party complaint against Langhorne Speedway, Inc., the owner of the race track and the grounds and areas appurtenant thereto, alleging in paragraph 5: "On September 11, 1949, the third-party defendant so negligently maintained the surface of the infield of said automobile race track and so negligently failed to control and direct the persons and traffic in and about said infield as to cause the accident of which the plaintiffs complain."

The instant motion by Langhorne Speedway, Inc., the third-party defendant, is to dismiss the third-party complaint brought against it on the ground that it is insufficient under Rule 14(a), as amended, of the Federal Rules of Civil Procedure, 28 U.S. C.A.

Rule 14(a) provides: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

The express language of the above quoted Rule makes it clear that to sustain a third-party complaint under said Rule it must be alleged that the third-party defendant will be liable to the defendant or third-party plaintiff for all or part of

plaintiff's claim against the defendant in the event plaintiff obtains a judgment on said claim.

A reading of the third-party complaint discloses sole liability of the third-party defendant for the accident and resulting injuries, instead of liability of the third-party defendant to the defendant for all or part of plaintiff's claim against the defendant. In effect the third-party complaint attempts to eliminate the original defendant as a defendant and to substitute the third-party defendant as a defendant. The attempt must fail because it is the right of the plaintiffs to choose the party or parties against whom they wish to institute an action.

Consequently, the third-party complaint cannot be sustained. However, defendant admits that paragraph 5 of the third-party complaint is inartfully drawn and requests leave of Court to amend same so as to allege joint liability of the third-party defendant. The Court grants defendant the leave so to do.

Accordingly, the third-party defendant's motion to dismiss the third-party complaint will be denied.

An order in conformity with the foregoing opinion will be presented.