## NATIONAL MUTUAL INS. CO. OF THE DISTRICT OF COLUMBIA v. LIBERTY MUTUAL INS. CO., et al.

### No. 11135.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 16, 1952.

Decided April 24, 1952.

Cornelius H. Doherty, Washington, D. C., with whom Alfred L. Bennett, Washington, D. C., was on the brief, for appellant.

Paul R. Connolly, Jr., Washington, D. C., with whom Howard Boyd, Washington, D. C., was on the brief, for appellees.

Before CLARK, BAZELON and WASHINGTON, Circuit Judges.

## WASHINGTON, Circuit Judge.

This is a controversy between two insurance companies over which of them shall bear the burden of a loss.

Jennie Emens, the victim of a highway accident, recovered a judgment in New Jersey against James Mench, Jr., the owner and driver of a trailer-truck. Mench was insured under a policy issued to him by the National Mutual Insurance Company, and that company took charge of his defense. The judgment against Mench was never satisfied, and the present litigation arose when Jennie Emens brought suit in the United States District Court for the Dis-

trict of Columbia against Mench's insurer, the National company.

Under the terms of Mench's policy, National's liability did not begin until all other insurance available to the insured had been exhausted—that is, the policy was "excess" insurance. At the time of the accident, Mench's truck was under lease to Elliott Bros. Trucking Company and was being driven by Mench on its business. Appellant National takes the view that insurance was available to Mench under a policy issued to Elliott Bros. by the Liberty Mutual Insurance Company. Believing itself therefore not to be liable under the policy it had issued to Mench, appellant lodged a third-party complaint against Elliott Bros. and the Liberty company. This complaint recited that National "presents" Liberty and Elliott Bros. as "parties to this action upon which recovery may be had by plaintiff," and prayed that in the event of a judgment against National it be given judgment against appellees (third-party defendants) for the amount thereof. It is from the dismissal of this third-party complaint on summary judgment that the present appeal was taken.

Since 1946, Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., has permitted a defendant to move for leave to serve a third-party complaint only upon a person "who is or may be liable to *him* [the defendant] for all or part of the plaintiff's claim against him." (Emphasis added.) No longer is it possible to bring in a person simply because he is or may be liable to the original plaintiff.[1] To the extent, then, that the third-party complaint rested on the theory that appellees were liable to Jennie Emens, it was unauthorized by the Rule and properly dismissible.

Appellant suggests, however, that the third-party complaint can be read as relying on the theory that appellees are or may be liable to *appellant*, defendant below, on the basis of "subrogation." But there is no basis for subrogation in the present case. On principle, the loss has fallen

1. 3 Moore's Federal Practice 405 et seq. (2d Ed. 1948).

squarely where it should—on Mench, the negligent driver of the vehicle, and on his insurer. They cannot shift it to the innocent employer-lessee, Elliott Bros., or to the latter's insurer, simply because Mench was driving the vehicle on Elliott Bros.' business at the time of the wrongdoing. See Kennedy v. Travelers Ins. Co., 127 Misc. 645, 217 N.Y.S. 261; American Automobile Ins. Co. v. Penn Mutual Indemnity Co., 3 Cir., 161 F.2d 62. Compare George's Radio v. Capital Transit Co., 75 U.S.App. D.C. 187, 126 F.2d 219.

■ Nothing in the insurance contracts here involved calls for a different result. There might perhaps be subrogation if Mench were covered as an insured by the Elliott Bros. policy, since recourse to Liberty's liability might then be required before resort to the "excess insurance" provided by appellant's contract with Mench. Cf. Builders & Mfrs. Mutual Cas. Co. v. Preferred Automobile Ins. Co., 6 Cir., 118 F.2d 118. But Mench was not an insured under the Elliott Bros. policy. The omnibus coverage clause of that policy does state that "the unqualified word 'insured' includes the named insured [Elliott Bros. Trucking Company] and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use

thereof * * *." But it goes on to say that "The insurance with respect to any person or organization other than the named insured does not apply: * * * (d) with respect to any hired automobile, to the owner therof or any employee of such owner; * * *."

Mench, as the owner of the vehicle hired by Elliott Bros., was thus excluded from the definition of the term "insured."[2] The intent is clear: if an injured party sues the named insured [Elliott Bros.] and recovers, the insurance company will be liable; but if he brings suit solely against the owner of a hired vehicle [Mench], the company assumes no responsibility either to the owner of the vehicle or to the injured party.

■ Nor is this result changed by the so-called "ICC endorsement" included in the policy which Liberty issued to Elliott Bros. The endorsement provides:

"In consideration of the premium stated in the policy to which this endorsement is attached, the company hereby agrees to pay any final judgment recovered against the insured for bodily injury to or the death of any person * * * resulting from the negligent operation, maintenance, or use of the motor vehicles under certificate of public convenience and neces-

2. The other exclusions are:
    "(a) with respect to an automobile while used with any trailer owned or hired by the insured and not covered by like insurance in the company; or with respect to a trailer while used with any automobile owned or hired by the insured and not covered by like insurance in the company;
    "(b) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof;
    "(c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer;
    *    *    *    *    *    *

    "(e) with respect to any non-owned automobile, to any executive officer if such automobile is owned by him or a member of his household."
    These exclusions have certain common characteristics: exception (a) is expected to be covered by specially written insurance; (b), (d) and (e) relate to independent contractors, who should obtain their own insurance; (c) is expected to be covered by workmen's compensation insurance. In each instance, the intent is to exclude certain persons and organizations from the definition of "insured" under the policy. Cf. Malisfski v. Indemnity Ins. Co. of North America, 4 Cir., 135 F.2d 910; Notes, 72 A.L.R. 1415, 106 A.L.R. 1265, 126 A.L.R. 555. Lumber Mutual Casualty Ins. Co. of New York v. Stukes, 4 Cir., 164 F.2d 571, cited by appellant, is not to the contrary.

sity or permit issued to the insured by the Interstate Commerce Commission."

The endorsement was required by the Interstate Commerce Act, 49 U.S.C.A. § 315, for the protection of members of the public; it doubtless would have enured to the benefit of Jennie Emens, had she chosen to sue Elliott Bros.[3] But it hardly serves to shift Mench's liability from his own insurer to Elliott Bros.' insurer. Nor does it make it Mench an "insured" under the Liberty policy; that is still a matter governed by the express provisions of the body of the contract.

There being no genuine issue of material fact, and the third-party complaint being subject to dismissal under Rule 14(a), the grant of summary judgment was proper. The judgment of the District Court will accordingly be

Affirmed.

3. The endorsement was evidently designed to eliminate the "independent contractor" defense. Cf. War Emergency Co-op.

Ass'n v. Widenhouse, 4 Cir., 169 F.2d 403, certiorari denied 335 U.S. 898, 69 S.Ct. 300, 93 L.Ed. 433.