Angela ROSS, Administratrix of Estate of James Ross, Deceased, Plaintiff,

v.

ERIE RAILROAD COMPANY, Defendant and Third-Party Plaintiff,

DELAWARE AND HUDSON RAILROAD CORPORATION, Third-Party Defendant.

Civ. A. No. 5193.

United States District Court
M. D. Pennsylvania.

Aug. 11, 1955.

Richard H. Warren, of Harris, Warren, Hill & Henkelman, Scranton, Pa., for defendant, third-party plaintiff.

Paul Bedford, Wilkes-Barre, Pa., for third-party defendant.

WATSON, District Judge.

This action was brought by the plaintiff to recover damages for the death of James Ross sustained as a result of the alleged negligence of the Erie Railroad Company hereinafter called "Erie". Plaintiff's decedent, it is alleged, was employed by the Erie as a section hand and on March 1, 1954, at approximately 7:50 o'clock A.M., he was engaged in picking up scrap iron, plates and spikes on the tracks of defendant railroad at a point about one-half mile north of Forest City, Pennsylvania, on the Jefferson Division of said railroad and while so engaged Ross was struck and run down by an engine operating on the southbound track. It is also alleged that Ross died several hours later as a result of his injuries.

Angela Ross, decedent's widow, brought this action against the Erie under the Act of Congress commonly known as the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Erie requested, and was granted, leave to join the Delaware and Hudson Railroad Corporation, hereinafter called "Delaware and Hudson", as a third-party defendant and a summons and third-party complaint were subsequently served upon Delaware and Hudson.

Delaware and Hudson then filed a motion to dismiss the third-party complaint for the reasons that the third-party complaint fails to state a claim upon which relief can be granted; that the third-party complaint alleges that the Delaware and Hudson, third-party defendant, is or may be liable to the plaintiff for all or part of the plaintiff's claim against the Erie, defendant and third-party plaintiff; that the third-party complaint fails to comply with the Rules of Civil Procedure No. 14(a) et al., 28 U.S.C. but is in contravention thereof.

Rule 14(a) of the Federal Rules of Civil Procedure provides:

"Before the service of his answer a defendant may move ex parte, or after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

The third-party complaint alleges that decedent's death was caused " * * * solely because of his own negligence or because: (a) Plaintiff's decedent and other section men were not warned by Delaware and Hudson of its use of the southbound track; (b) The Delaware and Hudson failed to warn its engine and train crew of the presence of section men and decedent; (c) The Delaware and Hudson engine was operated at a high and unlawful speed; (d) The Delaware and Hudson engine and train crew failed to give any warning by whistle, horn or other device, even though decedent and other section men were observed for a distance of 821 feet; (e) Plaintiff's decedent was observed by Delaware and Hudson in a position of peril upon the southbound track, yet Delaware and Hudson failed to slow down, sound any warning, or take other precaution to avoid striking plaintiff's decedent; (f) Delaware and Hud-

son violated the rules of train operation; (g) Delaware and Hudson operated its said engine and train in a wilful and wanton manner", and Erie demands judgment against Delaware and Hudson for all sums for which Erie may be liable to plaintiff.

The effect of the language used by Erie in the third-party complaint is to charge Delaware and Hudson with sole liability to the plaintiff for all of the plaintiff's claim against the defendant. It is apparent that the allegations contained in the third-party complaint attempt to place sole liability for decedent's death upon the third-party defendant. Rule 14(a) may not be used for this purpose. Fort v. Bash, D.C.Pa. 1951, 10 F.R.D. 626. Rule 14(a) may be used only to implead a person who is or may be secondarily liable to the original defendant for all or part of plaintiff's recovery. It is not possible to bring in a person as a third-party defendant simply because he is or may be liable to the original plaintiff. National Mutual Ins. Co. v. Liberty Mutual Ins. Co., 1952, 90 U.S.App.D.C. 362, 196 F.2d 597, certiorari denied 344 U.S. 819, 73 S. Ct. 15, 97 L.Ed. 638. Under the Rule a third-party complaint should set forth a statement of the claim showing that the pleader is entitled to the relief demanded. Erie has failed to do this. The third-party complaint fails to allege that the third-party defendant is or may be liable to the original defendant.

The plaintiff chose to institute the action under the Federal Employers' Liability Act against the Erie and at the trial of the case, the burden will be upon her to show by legal evidence that the Erie was negligent which negligence was the proximate cause of the accident which resulted in the death of James Ross. It was the right of the plaintiff to choose the party against which it desired to institute the action.

The motion of Delaware and Hudson Railroad Corporation, third-party defendant, to dismiss the complaint of the Erie Railroad Company, third-party plaintiff, will be granted and the Erie Railroad Company will be granted leave to file an amended third-party complaint.

An appropriate order will be entered.