**H. C. RAILEY, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY, Defendant and Third-Party Plaintiff,**

v.

**PEARCE–YOUNG–ANGEL COMPANY, Inc., Third-Party Defendant.**

**No. AC/928.**

United States District Court
E. D. South Carolina,
Columbia Division.

Jan. 1, 1963.

R. K. Wise, Columbia, S. C., and T. J. Lewis, Jr., Atlanta, Ga., for plaintiff.

John Gregg McMaster, Robert J. Thomas, Columbia, S. C., for defendant and third-party plaintiff Southern Ry. Co.

R. Hoke Robinson, Robinson, McFadden & Moore, Columbia, S. C., for third-party defendant Pearce-Young-Angel Co.

WYCHE, District Judge (sitting by designation).

The above case is before me upon the motion of the plaintiff H. C. Railey to dismiss the Third Party Defendant, Pearce-Young-Angel Company, Inc. from the above cause of action upon the following grounds: "1. That plaintiff is an employee of Southern Railway Company and not Pearce-Young-Angel Company, Inc. 2. That Pearce-Young-Angel Company, Inc. is under no duty to furnish the plaintiff with a reasonably safe place to work. 3. The plaintiff is not bound by any contract between the Southern Railway and Pearce-Young-Angel Company, Inc. 4. To introduce said contract in trial of above case or even refer to same will be highly prejudicial and prevent plaintiff from receiving a fair and impartial trial. 5. This cause of action is brought under the Federal Employer's Liability Act and not on a contract between the Southern Railway Company and Pearce-Young-Angel Company, Inc."

The above case is before me also upon the motion of the defendant Pearce-Young-Angel Company, Inc. to dismiss the third-party complaint or in the alternative to strike the said complaint or vacate the order authorizing it, on the following grounds: "1. The Court is without jurisdiction to grant a judgment against this defendant; 2. The third-party complaint fails to state a claim upon which relief can be granted, in that: a. Under South Carolina law there is no contribution among joint tortfeasors; b. The third-party plaintiff, a common carrier, cannot contract against its own negligence, either at common law or under the Federal Employers' Liability Act, nor can it delegate its duty to furnish its employees a safe place to work. 3. The third-party complaint fails to comply with Rule 14(a), F.R.Civ.P., but is in contravention thereof, in that the rule may be used only to implead a party who may be secondarily liable to the original defendant, whereas the complaint here alleges primary liability of this defendant. 4. In an action under F.E.L.A. it is not suitable or appropriate to permit the impleading of a third-party charged with common law negligence; such action would make the issues on trial unduly complex and difficult of resolution, and would be prejudicial both to the plaintiff's right to select whom he would sue and this defendant's right to a simplification of the issues. 5. Paragraphs five and six of the third-party complaint fail to state a claim and should be stricken as it appears from the quoted language that the contract between the parties is not applicable to and does not constitute indemnification for the alleged negligence set out in the main complaint or the earlier part of the third-party complaint. 6. If the above motion is refused on all of the grounds heretofore set out, this defendant will move to strike from paragraph four the word 'primary' and the words 'and that the defendant Southern Railway Company's liability to the plaintiff is secondary to that of the third-party defendant' on the ground that such allegations are improper and prejudicial

in that there is no primary and secondary liability in the case of joint tortfeasors."

For the purpose of simplicity I will treat the above motions as motions to dismiss the third-party complaint.

■ There is no third-party practice provided under South Carolina state court procedure, therefore, the sole justification for bringing in a third-party defendant here rests with the Federal Rules of Civil Procedure, specifically Rule 14(a), the pertinent part of which provides as follows: "(a) *When Defendant May Bring in Third Party.* Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

■ The defendant Southern Railway Company applied *ex parte*, prior to answer, and obtained an order authorizing it to serve the third-party summons and complaint in this case. This Court, on application of either or both (here both) of the other parties to the action, has the right to review the propriety of the *ex parte* order, and, in a proper case, to vacate it or dismiss the third-party action. Duke v. Reconstruction Finance Corp., 209 F.2d 204 (CA 4, 1954), cert. den., 347 U.S. 966, 74 S.Ct. 377, 98 L.Ed. 1108; 3 Moore, Federal Practice, Section 14.18, p. 447.

The original complaint alleges injury to the plaintiff H. C. Railey when he stepped off the ladder of a refrigerator car (located on the Pearce-Young-Angel Company spur track near its warehouse) onto a muddy section of ground and twisted his knee. He alleges Southern Railway Company's negligence consisted in not providing him a safe place to work and in permitting the iced refrigerator car to remain in that location thirty days or more, causing the muddy terrain.

In its third-party complaint the defendant Southern Railway Company alleges negligence on the part of Pearce-Young-Angel in maintaining its premises in an unsafe condition, in permitting water to accumulate so as to cause a hazardous condition and further alleges that the plaintiff's injury was caused by the "primary negligence" of the owner of the premises and that Southern Railway's liability to the plaintiff is "secondary" to that of Pearce-Young-Angel.

The third-party plaintiff Southern Railway also seeks indemnity from the third-party defendant Pearce-Young-Angel or recovery over of any judgment obtained by the plaintiff against it, by reason of the spur track agreement under the terms of which the owner agrees to keep the right of way "free of all commodities, rubbish, trash or other objects which may prove a danger to those engaged in the operation" of the railroad, and to keep the right of way "free from obstructions and objects as aforesaid".

■■ On the question of the right to indemnity against the owner of the premises under the spur track agreement, the Southern Railway has set out in its third-party complaint the portion of that instrument on which it relies for the claim of indemnity. In passing on the pending motions I must take as true the allegations of the two pleadings presently before me, namely the original complaint and the third-party complaint. The former alleges a "wet, muddy and slick" area alongside the track; the latter alleges an accumulation of water to cause a hazardous condition. In my opinion, none of this constitutes "commodities, rubbish, trash or other objects" or "obstructions and objects". I cannot stretch the meaning of these words to cover mud and water. These spur track agreements are carefully and artfully drawn and if the contracting parties had intended the industry-owner to be responsible for water or mud it would have been so provided.

■ If the third-party action is allowed to remain a part of this case, the trial would be most difficult and confusing. The original action is a statutory one calling for the doctrine of comparative negligence and the special rules of evidence that our courts have developed in Federal Employers' Liability Act cases. The third-party action, on the other hand, is based on common law negligence and doctrines. South Carolina does not have the rule of comparative negligence. For instance, the contributory negligence of the plaintiff H. C. Railey would be a a complete bar to any recovery by him against the third-party defendant Pearce-Young-Angel but only a partial bar or prorata reduction of any recovery against his employer Southern Railway Company under the federal act.

These and other difficulties incident to trial might be sufficient of themselves to require me, in the exercise of my discretion, to grant the motion to dismiss. 3 Moore, Federal Practice, Section 14.05. For an example of how hard it is to clarify a complex case of this nature for a jury, see Kennedy v. Pennsylvania Railroad Company, 282 F.2d 705 (CA 3, 1960); cf. Ballard v. The Southern Cotton Oil Company, 145 F.Supp. 882, 886 (D.C.S.C., 1956).

■ A more cogent reason for dismissing the third-party action, however, lies in the fact that Southern Railway Company does not bring itself within the terms of the Rule. The underlying purpose of the Rule, to avoid circuity of action and to settle related matters in one litigation as far as practicable, is good. But it creates no substantive rights and specifically does not establish a right of reimbursement, indemnity or contribution. 3 Moore, Section 14.03.

■■ As originally promulgated in 1937, the Rule permitted the third-party plaintiff to implead a person "who is or may be liable to him or to the plaintiff * * *"; under this wording Southern Railway's allegation that the plaintiff's injury was caused by the "primary negligence" of Pearce-Young-Angel and that Southern Railway's liability is "secondary" to that of Pearce-Young-Angel, would probably be sufficient to support a third-party action. However, the Rule was amended in 1946 (effective March 19, 1948) by eliminating the words "or to the plaintiff". I am bound by the pleadings in passing on these motions, and here Southern Railway has alleged that the third-party defendant Pearce-Young-Angel is primarily liable to the original plaintiff. The Rule as presently drawn is not broad enough to encompass this situation. As Professor Moore states, "The principal change effected by the 1946 amendment was the elimination of the defendant's right to implead a person who is or may be liable to the *plaintiff*." 3 Moore, Section 14.01.

The cases are in accord. In Ross v. Erie Railroad Company, 18 F.R.D. 9, (D. C.Pa., 1955), a deceased employee's widow sued the railroad under the Federal Employers' Liability Act. Erie brought in the Delaware and Hudson as a third-party defendant. The Court granted the motion to dismiss the third-party defendant, saying: "The effect of the language used by Erie in the third-party complaint is to charge Delaware and Hudson with sole liability to the plaintiff for all of the plaintiff's claim against the defendant. It is apparent that the allegations contained in the third-party complaint attempt to place sole liability for decedent's death upon the third-party defendant. Rule 14(a) may not be used for this purpose. Fort v. Bash, D.C.Pa.1951, 10 F.R.D. 626. Rule 14(a) may be used only to implead a person who is or may be secondarily liable to the original defendant for all or part of plaintiff's recovery. It is not possible to bring in a person as a third-party defendant simply because he is or may be liable to the original plaintiff. National Mutual Ins. Co. v. Liberty Mutual Ins. Co., 1952, 90 U.S.App.D.C. 362, 196 F.2d 597, certiorari denied 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638. * * *

It was the right of the plaintiff to choose the party against which it desired to institute the action."

See also, Falls Industries, Inc. v. Consolidated Chem. Indus. Inc., 258 F.2d 277 (CA 5, 1958); 1 Barron & Holtzoff, Federal Practice and Procedure, Section 471, page 837. And, compare, McPherson v. Hoffman, 275 F.2d 466 (CA 6, 1960), where the court held that a third-party complaint based on the theory of indemnity did not state a valid claim for relief, and judgment against the third-party defendant was reversed.

For the foregoing reasons, it is my opinion that the motions to dismiss the third-party action should be granted.

It is, therefore, ORDERED, that the motions to dismiss the third-party action be and the same are hereby granted.