NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a corporation, General Accident Fire and Life Assurance Corporation, Ltd., a corporation, Fireman's Fund Insurance Company, a corporation, Great American Insurance, a corporation, The Aetna Casualty and Surety Company, a corporation, Plaintiffs,

v.

DANIEL J. KEATING COMPANY, a corporation, Defendant and Third-Party Plaintiff

v.

JOHN McSHAIN COMPANY, Raffel Bros., Inc., Celli-Flynn, The General State Authority, Frank DiCio and A. F. Jones, Third-Party Defendants.

Civ. No. 63–525.

United States District Court
W. D. Pennsylvania.
April 10, 1964.

White & Jones, Pittsburgh, Pa., for plaintiffs.

Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for defendant.

Stein & Winters, Pittsburgh, Pa., for John McShain Co., third-party defendant.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for Celli-Flynn, third-party defendant.

Weis & Weis, Pittsburgh, Pa., for Raffel Bros. Inc., third-party defendant.

Duff & Doyle, Pittsburgh, Pa., for The General State Authority, Frank DiCio and A. F. Jones, third-party defendants.

MARSH, District Judge.

Three third-party defendants, General State Authority (GSA), Frank DiCio, and A. F. Jones, have moved to dismiss (strike) a third-party complaint brought against them and others by Daniel J. Keating Company (Keating), the original defendant, pursuant to Rule 14(a), Fed.R.Civ.P., 28 U.S.C.A.[1] The motions will be granted.

The plaintiff insurance companies claim to be subrogees of six named insureds who allegedly sustained fire losses which the plaintiffs paid.[2] The plaintiffs seek to recover these losses from the defendant Keating, who, they allege, negligently caused the fire.[3] The defendant, as third-party plaintiff, brought in as third-party defendants John McShain Company, Raffel Bros., Inc., and GSA, three of the named insureds to whose rights three of the plaintiffs claim to be subrogated (see Complaint, ¶ Eighth), as well as Celli-Flynn, Architects, and two individuals, Frank DiCio and A. F. Jones. DiCio and Jones are alleged to have been employees of GSA.

The defendant Keating denies that it is liable to the plaintiffs.[4] On the other hand, it avers in the third-party complaint that "any losses * * * were caused solely and proximately by reason of the negligence of the third-party defendant or defendants, either individually or jointly with other of the third-party defendants." *Further, it avers specifically that each of the third-party defendants are alone liable or jointly and severally liable with any of the other third-party defendants to the plaintiffs.* In addition, the original defendant charges GSA with a second count sounding in contract. In that count it states that "the General State Authority is joined as an *additional* defendant and the third-

---

1. The pertinent part of Rule 14(a) provides:

 "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * * Any party may move to strike the third-party claim * * *."

2. The complaint does not state the respective amounts paid to each insured; it does aver that the insureds (collectively) suffered losses and were paid an aggregate amount of $187,995.81.

3. Plaintiffs claim jurisdiction on diversity of citizenship, but on the face of the pleadings jurisdiction appears to be uncertain. See: 28 U.S.C.A. § 1332(c).

4. See copy of answer attached to the third-party complaint.

party plaintiff avers that *any and all liability, arising out of the original cause of action is that of the General State Authority* by way of indemnity and/or liability over and/or contribution, and judgment is accordingly demanded." (Emphasis supplied.)

 As may be seen, the pleadings unequivocally charge the third-party defendants *with sole, or joint and several, liability to the plaintiffs,* and I am bound by the pleadings. Railey v. Southern Railway Company, 31 F.R.D. 519, 523 (E.D.S.C.1963). A third-party complaint does not lie under such circumstances. Such facts may be shown by the original defendant at trial under its general denial of liability. A third-party complaint may be maintained only in cases in which the third-party defendant would be *liable secondarily to the original defendant* in the event the latter is held liable to the plaintiff.[5] The deficiency in this third-party complaint is more than a technicality that can be remedied by the usual liberal view of pleadings taken in federal courts, since by amendment in 1946 an express provision in Rule 14 for tendering an additional defendant to the plaintiff was deleted. The 1946 amendment limits its application to cases of secondary liability to the original defendant. No longer is it possible to bring in a person simply because he is or may be liable to the plaintiff. National Mutual Ins. Co. of District of Columbia v. Liberty Mutual Ins. Co., 90 U.S.App.D.C. 362, 196 F.2d 597 (1952); Ross v. Erie Railroad Company, 18 F.R.D. 9 (M.D.Pa.1955); Higgins v. Shenango Pottery Co., 12 F.R.D.

510 (W.D.Pa.1952); Fort v. Bash, 10 F.R.D. 626 (E.D.Pa.1950); cf. Railey v. Southern Railway Company, supra; see generally: 1A, Barron and Holtzoff, Federal Practice and Procedure, §§ 424, 426; 3 Moore, Federal Practice, ¶ 14.15.

 Moreover, the original defendant admits in its briefs and at oral argument that it is not seeking money judgments against GSA and the individuals, DiCio and Jones;[6] but contends that it joined them as third parties to make discovery more convenient and to enable the jury "to evaluate all of the actions of all of the parties and render their verdict accordingly." Rule 14 was not designed to implead third parties for those purposes, but to facilitate the trial of multiple claims. 3 Moore, Federal Practice, ¶ 14.04, citing Jones v. Waterman S. S. Corporation, 155 F.2d 992, 997 (3d Cir. 1946).

 The original defendant also argues that the insured subrogors, indemnified by plaintiffs, are indispensable parties and their joinder in the suit is required. I disagree. It appears that plaintiffs have brought the suit as subrogees of those insureds who allegedly suffered fire loss and whom plaintiffs claim to have indemnified. As such, the plaintiffs stand in the shoes of the insureds and are subject to all defenses which the original defendant would have if the actions were brought by the insureds themselves.[7] Defendant need not join as third parties those insureds who were paid by the insurers in order to defend on the grounds that the fire loss was caused by the sole or joint negligence of any of them, or that one or more of them

---

5. The foregoing language is substantially that of Judge Holtzoff in his article entitled "Entry of Additional Parties in a Civil Action", 31 F.R.D. 101, 106.

6. See record of argument p. 20; Keating's original brief, pp. 2–4; Keating's supplemental brief, p. 2.

7. Liverpool & London & Globe Ins. Co. v. Otis Elevator Co., 175 F.2d 882 (4th Cir. 1949); Builders & Mfrs. Mut. Cas. Co. v. Preferred A. Ins. Co., 118 F.2d

118 (6th Cir. 1941); Miller v. United States, 196 F.Supp. 613 (D.Mass.1961); cf. United States v. United Services Automobile Ass'n, 238 F.2d 364 (8th Cir. 1956); Maryland Cas. Co. v. Independent Metal Products Co., 203 F. 2d 838, 843–844 (8th Cir. 1953); Coal Operators Cas. Co. v. United States, 76 F.Supp. 681 (E.D.Pa.1948). Compare: Pennsylvania Rules of Civil Procedure, 12 Pa.Purdon's Stat.Ann.Appendix, Rule 2003.

were contributorily negligent or that a breach of contract by an insured was a cause of the fire loss. If permitted to do so, confusion would be added to an already complex jury trial. Of course, the defendant may join allegedly negligent persons other than the indemnified insureds as third parties, such as Celli-Flynn, DiCio and Jones, and demand judgment against them for all or part of the sums that may be adjudged against the defendant in favor of the plaintiffs (see Form 22–A, Fed.R.Civ.P., 28 U.S.C.A. (1963 Supp.)), but this the defendant has not done.

■ In addition to the fundamental impropriety of impleading GSA on a theory of sole liability or joint and several liability with other third parties to plaintiffs, and being cognizant that the original defendant has disavowed any purpose to obtain a judgment against GSA, I am persuaded that the third-party complaint against GSA should be stricken for discretionary reasons. Impleader under Rule 14 has quite consistently been held to be within the sound discretion of the court, and this discretion has not been impaired by the 1963 amendment.[8]

■ First, if GSA has received indemnity as an insured, it would be entirely unnecessary to implead it as a third party since every defense against tort or breach of contract, and all infirmities and set-offs the original defendant has against GSA, may be advanced at the trial against the plaintiffs as subrogees of GSA. (See cases cited in f. n. 7.) For example, assuming that the jury will find Keating, the original defendant, a negligent cause of the fire loss, if it also found contributory negligence on the part of GSA, those plaintiffs, who are GSA's subrogees, could not recover damages from Keating; hence,

there is no need for Keating to implead the negligent subrogor (GSA) as a third-party defendant. On the other hand, if the jury should exonerate GSA from negligence, GSA's subrogees would be entitled to damages from Keating, the negligent defendant, and, of course, the latter could not recover indemnity or contribution from GSA, the non-negligent subrogor, and impleading it as a third party would be useless. Thus, to compel GSA, as a subrogor, to remain in this case as a third-party defendant would serve no legal purpose or be of any legal benefit to Keating.

Second, bringing in a subrogor as a third party creates unnecessary complications and tends to multiply issues as is evidenced by the answers filed by the alleged subrogors, John McShain Company and Raffel Bros., Inc.[9] For the subrogor of a plaintiff to appear also in the role of a third-party defendant will, to say the least, be difficult to explain to a jury and will serve only to confuse that body.

■ Third, GSA, being a state instrumentality, cannot in any event be held liable as a third-party defendant for the negligence of its employees. Roney v. General State Authority, 413 Pa. 218, 196 A.2d 349. Therefore, the first count of the third-party claim against GSA states no cognizable theory of liability.

As to the second count, sounding in contract, it appears from the contract between the original defendant, Keating, and GSA that they are committed to arbitrate any alleged breach of contract (see ¶ IV of GSA's Motion to Dismiss), and I think that Keating, if it be held liable to the plaintiffs for the fire loss in the instant action, should first submit any alleged breach of contract to the arbitrators it agreed upon.[10]

8. See Advisory Committee's Note on Rule 14, 28 U.S.C.A.; 3 Moore, Federal Practice, ¶ 14.05, p. 507, ¶ 14.18, p. 636.

9. Neither the plaintiffs nor third-party defendants, John McShain Company and

Raffel Bros., Inc., moved to strike the third-party complaint.

10. Cf. Bower v. Eastern Airlines, 214 F.2d 623 (3d Cir. 1954); Philadelphia Dress Joint Board of I. L. G. W. U. v. Sidele

For these reasons, in the exercise of my discretion, the original defendant will not be permitted to amend as to GSA,[11] but as to DiCio and Jones, if it so desires, an amendment will be permitted to properly join them as third-party defendants in accordance with the provisions of Rule 14.[12]

An appropriate order will be entered.

Fashions, Inc., 187 F.Supp. 97 (E.D.Pa. 1960).

11. I have not overlooked movants' contention that the contract contained an all-purpose indemnity and save harmless clause. I find no merit in this contention. Perry v. Payne, 217 Pa. 252, 262, 66 A. 553, 11 L.R.A.,N.S., 1173; Brown v. Moore, 247 F.2d 711 (3d Cir. 1957).

12. On behalf of DiCio and Jones, it was argued that as employees of GSA, a state instrumentality, they could not be held personally liable for their negligence, amounting only to non-feasance. In view of the deficient third-party complaint against them, I do not reach this issue. But see, Meads v. Rutter, 122 Pa.Super. 64, 184 A. 560.