**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**WALKER PARK REALTY, INC.,**
**Defendant-Appellant.**

**No. 48, Docket 31385.**

United States Court of Appeals
Second Circuit.

Argued Sept. 28, 1967.

Decided Sept. 28, 1967.

---

Frank A. Rossini, Flushing, N. Y. (Starke & Rossini, Flushing, N. Y. on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

We affirm in open court the judgment of the District Court for the Eastern District of New York awarding a deficiency judgment against appellant in this mortgage foreclosure action brought by the United States. The question raised is whether a deficiency judgment may be entered after the foreclosure sale where the original judgment of foreclosure and sale directed the master to report the amount of any deficiency but did not expressly provide for the subsequent entry of a deficiency judgment.

Since federal law applies in an action by the United States to foreclose a mortgage insured by and assigned to the FHA, e. g., United States v. View Crest Garden Apts., Inc., 268 F.2d 380 (9 Cir. 1959), the New York cases cited by appellant are not controlling. In the present case the complaint requested a deficiency judgment and appellant, who had personally assumed the mortgage, was personally served. The judgment of foreclosure and sale, entered upon appellant's default, awarded the plaintiff judgment in the sum of $1,011,854.11, the total amount due on the mortgage. The judgment also ordered the sale of the mortgaged premises, appointed a master to carry out the sale, and directed the master to report the amount of any deficiency if the proceeds of the sale were insufficient to satisfy the judgment.

In these circumstances, we think it was sufficiently clear that the original judgment was a personal judgment against appellant for the full amount due on the mortgage and that it contemplated the further entry of a deficiency judgment if a deficiency were found to exist after the foreclosure sale.

Cyril Hyman, Asst. U. S. Atty., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., on the brief), for plaintiff-appellee.