UNITED STATES of America, Plaintiff,

v.

MUNROE TOWERS, INC., et al., Defendants.

Civ. A. No. 1187–66.

United States District Court D. New Jersey.

May 27, 1968.

Abraham R. Klitzman, Asbury Park, N. J., for Carnell Construction Co., Inc.

Jack L. Cohen, by Robert E. Cowen, Newark, N. J., for James Masterson, Receiver for Carnell Construction Co., Inc.

David M. Satz, Jr., U. S. Atty., by Carolyn E. Arch, Asst. U. S. Atty., for the Government.

## OPINION

WHIPPLE, District Judge:

This matter is before the court on a motion of the plaintiff to dismiss the counterclaim of Carnell Construction Co., Inc., (Carnell) and also on motion of the Receiver of Carnell for leave to join as third-party defendants the National State Bank of Newark, (Bank) and the Federal Housing Commissioner (Commissioner).

The facts substantially are not in dispute. On November 29, 1966 the plaintiff, United States of America, filed a complaint to foreclose a mortgage on lands and premises known as Munroe Towers Apartments, located at No. 610 Sewell Avenue, Asbury Park, Monmouth County, New Jersey. The plaintiff alleged that the defendant, Munroe Towers, Inc., (Munroe) was indebted to it in the principal sum of $3,724,449. It further prays for judgment against the defendant in the aforesaid sum, and also seeks a deficiency judgment against it in the event the sale price of the subject propety is not sufficient to satisfy the judgment. A further allegation reveals that the plaintiff has a lien prior and superior to any other lien or claim against the real and personal property described in the security instrument.

An amended complaint was subsequently filed and plaintiff joined as defendants the following, whose interests appeared of record, to wit: DeMatteis International Construction Co., Inc., name changed to Carnell Construction Co., Inc., (Carnell); Jersey Central Power & Light Company, (Jersey); B. J. Lucarelli & Co., Inc., (Lucarelli); Rudnick Bros., Inc., (Rudnick); Serge Elevator Company, Inc., (Serge); New Brunswick Roofing & Metal Co., (Brunswick); Stephen J. Gross, Inc., (Gross); All Service Painting Co., Inc., (Service); Standard Supply Co., Inc., (Standard); Harris Bros. Construction Company,

(Harris); Semcor Equipment & Manufacturing Corp., (Semcor); Wilkinson & Son, Inc., (Wilkinson); Park Steel & Iron Co., (Park); Sika Chemical Corporation, (Sika); Middlesex Welding Supply, Inc., (Middlesex); Sochet Interiors, Ltd., (Sochet); Seeco Supply Corp., (Seeco); Israel Cohen & Son, (Cohen); Williamsburg Steel Products Co., (Williamsburg). The majority of these defendants have filed answers and counterclaims. Others have not answered—Jersey, Lucarelli, Brunswick, Service, Park, Sochet and Williamsburg. Following the filing of an answer and counterclaim Carnell went into a Chapter XI Proceeding in the Bankruptcy Court.

The plaintiff filed a reply to these counterclaims seeking a dismissal or alternatively, that the plaintiff's mortgage lien be declared senior to the liens claimed by the defendant counterclaimants. Subsequently, on motion of the plaintiff, the amended complaint directed to Jersey and the counterclaims of Cohen, Carnell and Serge were dismissed. Later, by consent, the counterclaim of Carnell, only, was reinstated to argue the merits of same. The plaintiff now moves for dismissal of the counterclaim filed by the Receiver of Carnell on jurisdictional grounds. Carnell resists this and additionally moves for an order granting leave to join as third-party defendants the National State Bank of Newark, N. J., (Bank) and the Federal Housing Commissioner, (Commissioner).

In conjunction with the granting of the mortgage a note was given by Munroe to the Bank as security for the loan, which was insured by the Federal Housing Administration, an agency of the United States. Upon Munroe's default, the Bank assigned the mortgage note to the Secretary of Housing and Urban Development (Secretary) together with all rights thereunder.

The substance of the Carnell counterclaim through its receiver is that the assignment of the mortgage included in the transfer to the Secretary, the 10% retainage held by the Bank under terms of their construction contract, which Carnell claims is due to it; further alleging that this retainage, (approximately $500,000) is being held in escrow by the plaintiff. Carnell seeks judgment on its counterclaim against the plaintiff in the sum of $408,431.91, with interest.

The receiver for Carnell, as has been stated, also seeks an order granting leave to join as third-party defendants in the foreclosure action the Bank and the Commissioner.

The court now turns to the plaintiff's motion to dismiss the Carnell counterclaim filed against the plaintiff, acting on behalf of the Secretary, at the instance of the Commissioner.

■ It is well settled that the United States as a sovereign enjoys immunity from suit except as it consents to be sued. United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194 (1878); United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882); State of Minnesota v. United States, 305 U.S. 382, 387, 59 S.Ct. 292, 83 L.Ed. 235 (1938); Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 388, 59 S.Ct. 516, 83 L.Ed. 784 (1939); United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940); United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

■ This immunity extends to counterclaims and cross-claims. United States v. Shaw, supra. In some instances, Congress has waived the sovereign's immunity from suit, e. g., the Federal Tort Claims Act, (28 U.S.C. §§ 2671–2680). However, the terms of the sovereign's consent to be sued in any court define that court's jurisdiction to entertain the suit. State of Minnesota v. United States, supra; United States v. Sherwood, supra. Jurisdiction of the District Court to entertain suits founded upon express or implied contracts with the United States is defined in the Tucker Act, 28 U.S.C. § 1346. This jurisdiction is limited to claims not exceeding $10,000. Hammond-Knowlton v. United States, 121 F.2d 192 (2nd Cir. 1941),

cert. denied 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555 (1941). Moreover, the jurisdiction conferred by 28 U.S.C. § 1346 does not encompass claims based on quasi contract or contract implied in law. Maryland National Bank v. United States, 227 F.Supp. 504, 507 (D.C. Md.1964).

Rule 13(d) of the Fed.R. Civ.P. apparently confirms this immunity as applying to counterclaims and cross-claims. It provides:

"* * * These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

Carnell does not challenge the principle of sovereign immunity of the United States. Rather, Carnell asserts that:

"* * * it must * * * be firmly understood that the mortgage being foreclosed by the United States is not a mortgage taken by the United States but a mortgage taken by a private commercial lending institution. The U. S. is merely the assignee of that mortgage and, as such, has no rights superior to that of the bank."

This court disagrees.

The thrust of Carnell's position is found in its factual contention, but not supported by any authorities. The plaintiff, by instituting this foreclosure proceeding, is alleging that its lien is (a) prior to any other lien; (b) it is entitled to a sum certain in money because of default in payment on the part of the defendant, (Munroe) and (c) if defendant (Munroe) does not pay that sum, the United States is entitled to have the building sold at public auction, and to receive the proceeds, minus the expenses of sale, to satisfy its lien. The plaintiff is not seeking a money judgment against Carnell nor does it deny or dispute the validity of Carnell's claim for the retained sums.

■ Carnell additionally contends that this is not a suit against the government as such to obtain a judgment for the amount specified in its counterclaim, but merely an application to recognize its lien and to impress a lien on the monies which the government is holding. The defendant's counterclaim is not one to impress a lien on funds in the possession and control of the Commissioner, who is not a party to this action, but in essence is an action seeking a sum in excess of $400,000. In other words, the counterclaim seeks affirmative recovery against the United States, and there is no jurisdictional basis for it since the sovereign has not waived its immunity.[1]

Accordingly, this court dismisses the counterclaim of defendant Carnell. United States v. Sherwood, supra; United States v. Shaw, supra; Waylyn Corporation v. United States, 231 F.2d 544 (1st Cir. 1956).

Carnell also seeks leave to join as third-party defendants Bank and the Commissioner. The 1966 amendment of Rule 14(a) Fed.R.Civ.P. states:

"(a) WHEN DEFENDANT MAY BRING IN A THIRD PARTY. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against*

---

1. Although the case was neither briefed nor argued, the court has examined Judge Cohen's exemplary opinion in United States v. Park Side Court, Inc., 257 F. Supp. 177 (D.C.N.J.1966), aff'd. 376 F. 2d 853 (3rd Cir. 1967). We find it inapposite to the present matter. Park Side Court involved a petition for an order to show cause why a certain mortgage should not be reinstated where there had been extensive face-to-face dealings and negotiations between the petitioner and the Federal Housing Administration relating to the reinstatement of a mortgage after default. Judge Cohen found that the Federal Housing Administration and the petitioner had not reached an agreement, and therefore dismissed the petition.

*him.* [If he waits more than 10 days after he serves his original answer as here, he must obtain leave on motion upon notice to all parties] * *." (Emphasis added).

■■ The rule permitting third-party practice has been liberally construed. American Fidelity & Casualty Co. v. Greyhound Corp., 232 F.2d 89 (5th Cir. 1956); United States v. Acord, 209 F.2d 709 (10th Cir. 1954), cert. denied, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954) and the granting of a motion to implead an additional party rests in the sound discretion of the trial court. National Fire Ins. Co. of Hartford v. Daniel J. Keating Co., 35 F.R.D. 137 (W.D.Pa.1964). However, Judge Marsh stated on page 139 thereof:

"* * * A third-party complaint does not lie under such circumstances. Such facts may be shown by the original defendant at trial under its general denial of liability. A third-party complaint may be maintained only in cases in which the third-party defendant would be *liable secondarily to the original defendant* in the event the latter is held liable to the plaintiff. The deficiency in this third-party complaint is more than a technicality that can be remedied by the usual liberal view of pleadings taken in federal courts, since by amendment in 1946 an express provision in Rule 14 for tendering an additional defendant to the plaintiff was deleted. The 1946 amendment limits its application to cases of secondary liability to the original defendant. No longer is it possible to bring in a person simply because he is or may be liable to the plaintiff. National Mutual Ins. Co. of District of Columbia v. Liberty Mutual Ins. Co., 90 U.S.App.D.C. 362, 196 F.2d 597 (1952); Ross v. Erie Railroad Company, 18 F.R.D. 9 (M.D. Pa.1955); Higgins v. Shenango Pottery Co., 12 F.R.D. 510 (W.D.Pa. 1952); Fort v. Bash, 10 F.R.D. 626 (E.D.Pa.1950); cf. Railey v. Southern Railway Company, supra [D.C., 31 R.D. 519]; see generally: 1A, Barron and Holtzoff, Federal Practice and Procedure, §§ 424, 426; 3 Moore, Federal Practice, ¶14.15." [Footnote omitted].

■ A third-party complaint may not be utilized to bring into an action any issue or controversy solely because it relates to the main action. United States Fidelity & Guar. Co. v. American State Bank, 372 F.2d 449 (10th Cir. 1967). It is not to be used to assert a new claim against a third party. John N. Price & Sons v. Maryland Casualty Co., 2 F.R.D. 408 (D.C.N.J.1942); United States v. Mullins, 228 F.Supp. 748 (D.C.W.D.Va. 1964).

■ In the present case, as has been stated, the plaintiff seeks to foreclose a mortgage against Munroe. Carnell seeks relief against the Bank and the Commissioner in a third-party complaint, alleging misconduct with respect to monies withheld by the Bank. This claim for relief by way of a third-party complaint sought by the defendant Carnell is in this court's opinion distinct from the plaintiff's claim for relief against Munroe and therefore the motion of defendant Carnell for leave to file a third-party complaint against the Bank and the Commissioner as third-party defendants is denied.

Carnell also urges, finally, that state law should be applicable under the circumstances in this case.

■ Unquestionably the source of law governing the relationship between the parties to a mortgage insured by the Federal Housing Administration is federal. See Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943)—(check drawn on the Treasurer of the United States); United States v. Allegheny County, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209 (1944)— (title to machinery).

In United States v. Walker Park Realty, Inc., 383 F.2d 732 (2nd Cir. 1967) this per curiam statement is found:

"Since federal law applies in an action by the United States to foreclose a

mortgage insured by and assigned to the F.H.A., e. g., United States v. View Crest Garden Apts., Inc., 268 F.2d 380 (9th Cir. 1959), the New York cases cited by appellant are not controlling."

To the same effect is the ruling found in United States v. Sommerville, 324 F.2d 712 (3rd Cir. 1963). With these authorities in mind, the court is of the opinion that federal law is applicable in the present case.

To recapitulate the court's rulings:—

(A) The motion of the United States of America to dismiss the counterclaim of Carnell is granted.

(B) The motion of the Receiver for Carnell for leave to join as third-party defendants the Bank and the Commissioner is denied.