**Charles ROSE, Plaintiff,**

**v.**

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a Delaware Corporation, Defendant.**

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a Delaware Corporation, Third Party Plaintiff,**

**v.**

**WESTERN AUTO SUPPLY COMPANY, a Delaware Corporation, Third Party Defendant.**

**No. 69–118 Civil.**

United States District Court,
W. D. Oklahoma.

Feb. 12, 1970.

---

18. The defendant makes no complaint as to any post-arrest or post-indictment delay.

Joe Cannon, Oklahoma City, Okl., for Charles Rose.

Robert E. Shelton, Oklahoma City, Okl., for Chicago, R. I. & P. Ry. Co.

Lynn Bullis, Jr., Oklahoma City, Okl., for Western Auto Supply Co.

## ORDER

DAUGHERTY, District Judge.

The Court has under consideration the Motion of Third Party Defendant, Western Auto Supply Company (Western Auto), to Dismiss the Third Party Complaint filed against it by the Third Party Plaintiff, Chicago, Rock Island and Pacific Railroad Company (Railroad Company). The Third Party Plaintiff

opposes the Motion. Both parties have submitted briefs.

Proper consideration of the Motion requires an understanding of the action as originally filed. Plaintiff, Charles Rose, alleges he was injured while assisting in an attempt to open the door of a boxcar spotted for unloading by the Defendant Railroad Company. The car was consigned to the Third Party Defendant. Plaintiff claims that Defendant Railroad Company was negligent in spotting the boxcar for unloading when the car and its door were in a defective condition. The Third Party Defendant attempted to open the door without success. It enlisted the help of the Plaintiff, a regular employee of Parker Wrecking Company (Parker), another regular employee of Parker and a high lift loader belonging to Parker to open the boxcar door. The accident apparently happened when the loader was used in an attempt to open the door, the door falling on the Plaintiff causing alleged personal injuries.

The Defendant and Third Party Plaintiff, Railroad Company, alleges in its Third Party Complaint that Plaintiff was a loaned servant from Parker to Western Auto and was the servant and employee of Western Auto when the accident occurred as was his fellow employee who was operating the loader. In effect, the Third Party Plaintiff states that Plaintiff and his fellow employee were the servants of the Third Party Defendant when the accident occurred and that it was their negligence or the negligence of one of them which under respondeat superior became the negligence of Western Auto which caused the accident and Plaintiff's injuries. The Third Party Plaintiff then requests judgment over against Western Auto, the Third Party Defendant, for any judgment the Plaintiff may recover against it and costs.

The Third Party Defendant in its Motion to Dismiss the Third Party Complaint asserts that the Third Party Plaintiff is attempting to bring it into Plaintiff's litigation on the basis that it, the Third Party Defendant, is either solely responsible through its negligence for Plaintiff's accident and resulting injuries, or, that it and the Third Party Plaintiff are joint tort-feasors responsible to Plaintiff for their respective negligence which caused the accident and Plaintiff's resulting injuries. In opposing the Motion under consideration, the Third Party Plaintiff requests the Court to apply the "lenient exception" rule which it claims gives it a right of indemnity against the Third Party Defendant on the basis that the Third Party Plaintiff is only constructively liable to the Plaintiff whereas primary or active negligence on the part of Western Auto caused the accident and Plaintiff's resulting injuries.

In treating with the Motion under consideration and the theory of the Third Party Defendant in connection therewith, it is pertinent to first mention that Rule 14, F.R.Civ.P., 28 U.S.C. A., provides in part as follows:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Under the above cited provision of Rule 14, it is not enough that the Third Party Defendant may be liable to the Plaintiff. The Rule clearly provides that the Third Party Defendant must be one who is or may be liable to the Third Party Plaintiff for all or part of Plaintiff's claim against him. It is not permissible to bring in a person as a third party defendant simply because he is or may be liable to the Plaintiff. National Mutual Ins. Co. of District of Columbia v. Liberty Mutual Ins. Co., 90 U.S.App. D.C. 362, 196 F.2d 597 (1952), cert. denied 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638; National Fire Ins. Co. of Hartford v. Daniel J. Keating Company, 35 F.R.D. 137 (W.D.Pa.1964); List v. Roto-Broil

Corporation, 40 F.R.D. 31 (M.D.Pa. 1966). Probably Western Auto would be liable to the Plaintiff either by Workmens Compensation if Plaintiff was its employee at the time of the accident, as alleged, or at common law. But Western Auto owed no duty to the Railroad Company which would make Western Auto liable to the Railroad Company for all or part of Plaintiff's claim against the Railroad Company. Plaintiff's claim against the Railroad Company is based on its alleged negligence in spotting for unloading a defective boxcar and Plaintiff being authorized by the consignee to assist in unloading the boxcar and, thus, one of the class to whom the Railroad Company owed a duty.

 Next for consideration is whether the Third Party Plaintiff may bring Western Auto in as a Third Party Defendant on the basis that they are joint tort-feasors in connection with the accident and Plaintiff's resulting injuries. If these two parties are joint tort-feasors, the Plaintiff has not elected to sue but one of them and probably Plaintiff's election in this respect should not be disturbed in this litigation. Moreover, under Oklahoma law there is no right of contribution or indemnity between joint tort-feasors. National Trailer Convoy v. Oklahoma Turnpike Auth., 434 P.2d 238 (Okl.1967); United States v. Acord, 209 F.2d 709 (Tenth Cir. 1954); Rule 14, F.R.Civ.P. The Third Party Defendant is not and would not be liable to the Third Party Plaintiff as a joint tort-feasor for any recovery obtained by the Plaintiff against the Defendant and Third Party Plaintiff. Thus, it appears that one joint tort-feasor sued by the injured person cannot bring in another tort-feasor not a party to the original action under Rule 14, supra, where there is not indemnity or contribution among joint tort-feasors. Wise v. Stockard, 79 F.Supp. 917 (E.D. N.Y.1948); Holstlaw v. Southern Ry. Co., 9 F.R.D. 276 (E.D.Mo.1949); Kuhn v. Yellow Transit Freight Lines, 12 F.R. D. 252 (E.D.Mo.1952); Cromer v. Sollitt Construction Co., 16 F.R.D. 559 (S.D.W. Va.1954); Brown v. Cranston, 132 F.2d 631, 148 A.L.R. 1178 (Second Cir. 1942), cert. denied, Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698.

 Therefore, it appears that the Motion to Dismiss Third Party Complaint should be sustained unless it would be proper for the Court to apply the so called "lenient exception" rule urged by Third Party Plaintiff under the authority of Peak Drilling Company v. Halliburton Oil Well Cementing Company, 215 F.2d 368 (Tenth Cir. 1954). The "lenient exception" rule appears to give the right of indemnity to one who is constructively liable to a party whose injuries were caused by the active negligence of another. Thus, one responsible under the doctrine of respondeat superior, that is, a master liable for the negligence of his servant may have a right of indemnity against his servant who has caused an injury to another for which the master is only constructively liable. This doctrine is also applied to a municipality which is liable to a member of the public for failure to discover and correct a nuisance created by the negligence of an abutting property owner. See Peak Drilling Co. v. Halliburton Oil Well Cementing Co., supra; United States v. Acord, supra; Union Stock Yards Co. of Omaha v. Chicago, B. & Q. Railroad Co., 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453 (1905). Our Circuit in Peak Drilling Co. v. Halliburton Oil Well Cementing Co., supra, refused to apply the rule in a situation quite similar to ours. In that case, a person was charged with negligence in striking the injured person and Halliburton was charged with negligence in furnishing defective tools, machinery and equipment and in supplying workmen who discharged their duties negligently and not in conformity with accepted methods of operation. In the case at hand, Western Auto through its servants may be guilty of negligence in forcing the boxcar door open with a loader which would be active negligence

on its part and also the Railroad Company may be guilty of negligence in spotting a boxcar which was defective which, as in the case of Halliburton in furnishing defective tools, would also be active negligence. Thus, for the reasons stated in the case relied upon by the Third Party Plaintiff, it does not appear that the Court can apply herein the "lenient exception" rule, as both the Railroad Company and Western Auto would be guilty of active negligence. It thus appears that the Motion to Dismiss Third Party Complaint should be sustained and the action set out therein should be dismissed.

■ In this connection, it is deemed appropriate to say that the Plaintiff has seen fit to sue the Defendant Railroad Company for its alleged negligence causing the accident resulting in injury to the Plaintiff. The Plaintiff has not seen fit to sue Western Auto as a result of this accident. There may be good reason for this. The real effect of the Third Party Complaint is to allow one sued for his alleged negligence to bring into the Plaintiff's lawsuit another party whom the Defendant feels is either solely responsible for Plaintiff's injury or is jointly responsible with the Defendant for the same. The result of this is to cause the Plaintiff to litigate his claim in an action into which the Defendant has brought one whom the Plaintiff has not seen fit to proceed against for one reason or another. A plaintiff should not only be allowed to select his forum if appropriate, but should also have some proper measure of control over the parties whom he elects to litigate with in regard to an injury received by him.

For the foregoing reasons the Court, therefore, finds and concludes that the Motion to Dismiss the Third Party Complaint should be sustained and the action contained therein dismissed.