*Southern District*

## A. R. BELLI, INC.
## THIRD PARTY PLAINTIFF

### v.

## BOSTON EDISON COMPANY
## THIRD PARTY DEFENDANT

Argued: May 17, 1972 - Decided: Dec. 27, 1972

Action tried to *Colten, J.* in the Municipal Court of Brookline, No. 327A/70 on November 16, 1971, and ordered dismissed on November 19, 1971.

*Present:* Murphy, P.J., Lee, J.

**Lee, J.** This is an action involving the use of impleader under G.L. c. 231, §4B.

▉ This matter has not been sent on to the Appellate Division in correct form as the original parties in this action are not included in the report with the appropriate pleadings as part of the record.

We are, however, able to discern the thrust of the third party action and proceed to resolve it in the interest of unnecessary delay and without returning it to the trial justice for perfection of form.

The original action in tort had Food Fair, Inc. versus A. R. Belli, Inc. alleging negligence on the part of A. R. Belli, Inc. in construction work. The defendant then impleaded as a third party defendant, the Boston Edison Company, alleging that it was solely responsible for any injury caused to Food Fair, Inc. by reason of its failure to mark out, advise and protect its power lines, pipes or conduits and therefore the third party defendant is liable to it for all of the plaintiff's claim.

The third party defendant filed, among other pleadings, a motion to dismiss on the grounds that the third party plaintiff's declaration is not within the court's jurisdiction under G.L. c. 231, §4B. The motion was allowed.

▉ The purpose of G.L. c. 231, §4B, commonly known as the impleader statute, is to

avoid multiplicity of actions. *Jenkins* v. *General Accident,* 349 Mass. 699, 701.

 The wording of the statute indicates that a third party defendant may be brought in, who is responsible to him (third party plaintiff) for *all* or *part* of the plaintiff's claim. This language is imminently clear and is applicable to the instant case. This statute, which is similar to Rule 14a of the Federal Rules of Procedure has been liberally construed to eliminate the multiplicity of suits in our Federal Courts. *U. S. Fidelity and Guaranty Co.* v. *Perkins,* 388 F2nd 771. *U. S.* v. *Munroe Tower, Inc.,* 286 F. Supp. 92.

We determine the gist of the third party defendant's motion to dismiss to be that if the third party plaintiff's claim alleged that it (Boston Edison Company) is responsible for all damages to Food Fair, Inc. then it should be subject to an independent action and not be impleaded in this action.

We agree with the third party defendant's (Boston Edison Company) contention.

The third party plaintiff's declaration fails to state a cause of action against the third party defendant in that it does not allege that the third party defendant was liable to the third party plaintiff in whole or part for the plaintiff's claim against it as required by G.L. c. 231, §4B.

The third party plaintiff in the instant case alleges that the third party defendant is solely

responsible for the plaintiff Food Fair's damage. It does not specify that the third party defendant is liable to it in all or part of the plaintiff's claim against it. This is fatal to the third party plaintiff's position. The third party defendant should be sued separately by the plaintiff on the basis of this allegation of facts.

The trial justice was correct in allowing this motion to dismiss. This was a question of law and not one of fact within the discretion of the court, wherein the justice may have abused said discretion and thwarted the intent of the Impleader Statute. We note also, that the third party plaintiff has not raised any question of error of law on this ruling by filing requests for rulings of Law with the trial justice. **Report dismissed.**

GEORGE M. HERLIHY, ESQ. of Boston
 for the Plaintiff

WILLIAM MANLEY, ESQ. of Boston
 for the Defendant