**PROVIDENCE WASHINGTON INSURANCE COMPANY OF ALASKA, Appellant,**

v.

**ALASKA PACIFIC ASSURANCE COMPANY, Appellee.**

No. 3369.

Supreme Court of Alaska.

Dec. 7, 1979.

Stephen G. Dunning and John L. Orlandini of Law Offices of Murphy L. Clark, Anchorage, for appellant.

Charles Hagans, and Timothy M. Stone of Hagans, Smith, Brown, Erwin & Gibbs, Anchorage, for appellee.

Before RABINOWITZ, C. J., CONNOR and MATTHEWS, JJ., DIMOND, Senior Justice, and SOUTER, Judge [sitting as supreme court justice].

## OPINION

MATTHEWS, Justice.

Leif Hamilton Strand owned a truck which he leased to Christy and Blohm Enterprises. While he was driving it as an employee of Christy and Blohm an accident occurred which resulted in the death of Robert Trigg. These facts and the final order of the superior court adequately set the posture of the case as it is presented to us:

> This is a declaratory judgment action involving a coverage dispute between two insurance companies. Plaintiff, Providence Washington Insurance Company of Alaska, hereafter called Providence Washington, issued a policy of automobile liability insurance to Leif Hamilton Strand, hereafter called Strand, for a 1975 International Harvester Dump Truck. Strand leased the truck to Christy and Blohm Enterprises, hereafter called Christy and Blohm. Alaska Pacific Assurance Company, hereafter called Alaska Pacific, issued an insurance policy, including automobile liability coverage, to Christy and Blohm. An accident occurred in which one Trigg suffered injuries. He sued Christy and Blohm Enterprises, Inc. in Superior Court Case No. 76–5769. This action precipitated this declaratory judgment action in which Providence Washington and Alaska Pacific contest their respective obligations to Strand and Christy and Blohm.

> After considering the parties' voluminous briefs, this court heard oral argument from the parties on January 28, 1977 and February 4, 1977. After hearing argument the court made the following determinations.

> First, that Strand was not an omnibus insured under the Alaska Pacific policy; and second, that as joint or concurrent insurers of Christy and Blohm, Provi-

dence Washington was primary and Alaska Pacific was excess, *i. e.*, Providence Washington must first contribute its policy limits to a judgment or settlement before Alaska Pacific would be required to pay anything. The court further concluded that each party had a duty to defend Christy and Blohm and that so long as the Trigg case was pending a division of defense cost could not be made, but that once the Trigg case was either settled or adjudicated defense costs would be pro-rated on the basis of the settlement or judgment, *i. e.*, if the final figure, whether through settlement or judgment was less than Providence Washington's policy limits, $100,000, then Providence Washington would pay the entire cost of litigation. Should the settlement or judgment figure exceed Providence Washington's policy limits then Alaska Pacific would contribute to the defense costs in the proportion that its contribution to the total judgment bore to the total judgment. Subsequently, the Trigg case was settled for $42,000, well within the Providence Washington policy limits. It therefore appears that Alaska Pacific is entitled to summary judgment in this case on all issues. IT IS SO ORDERED.

■ We first take up Providence Washington's contention that Strand was an insured under the Alaska Pacific policy. The relevant policy provisions are:

### III. *Persons Insured*

Each of the following is an insured under this insurance to the extent set forth below:

A. The named insured;

.    .    .    .    .

C. Any other person while using an owned automobile or a hired automobile with the permission of the named insured

.    .    .    .    .

None of the following is an insured:

.    .    .    .    .

B. The owner or lessee (of whom the named insured is a sub-lessee) of a hired automobile or the owner of a non-owned automobile, or any agent or employee of any such owner or lessee;

.    .    .    .    .

### V. *Additional Definitions*

When used in reference to this insurance.

.    .    .

.    .    .    .    .

B. "Hired automobile" means an automobile not owned by the named insured which is used under contract in behalf of, or loaned to, the named insured, provided such automobile is not owned by or registered in the name of (a) a partner or executive officer of the named insured or (b) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile;

C. "Non-owned automobile" means an automobile which is neither an owned automobile nor a hired automobile;

D. "Owned automobile" means an automobile owned by the named insured;

These clauses are standard,[1] as is the practice of an owner leasing a truck to a certified motor carrier and then either driving it himself or having one of his employees drive it. It is therefore not surprising that the question whether the owner, or his employee, is an insured under the lessee's policy is one which has often been decided. The authorities are sharply split. Some, most of them quite recent, hold that the owner exclusion clause only applies to exclude owners or their employees who do not fall within the definition of persons insured. *Ridgway v. Gulf Life Insurance Co.*, 578 F.2d 1026, 1031 (5th Cir. 1978); *Carolina Casualty Insurance Co. v. Underwriters Insurance Co.*, 569 F.2d 304, 314 (5th Cir. 1978); *Wellman v. Liberty Mutual Insurance Co.*, 496 F.2d 131, 136 (8th Cir. 1974);

---

1. Risjord, Austin, Automobile Liability Insurance Cases 266 (2d ed. Standard Provisions & Appendix 1974).

*Trinity Universal Insurance Co. v. Farmers Mutual Automobile Insurance Co.*, 309 F.2d 283, 285 (7th Cir. 1962).[2]

Other cases hold that the owner exclusion clause does operate to remove from coverage those who fall within its terms even though they are also within the definition of an insured. *Gilkey v. Andrew Weir Insurance Co.*, 291 F.2d 132, 134 (9th Cir. 1961); *Gonzalez v. National Surety Corp.*, 266 F.2d 667, 668–69 n. 1 (5th Cir. 1959); *Johnson v. Royal Indemnity Co.*, 206 F.2d 561, 565 (5th Cir. 1953); *National Mutual Insurance Co. v. Liberty Mutual Insurance Co.*, 90 U.S.App.D.C. 362, 364, 196 F.2d 597, 599 (D.C. Cir. 1952), *cert. denied*, 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638 (1952); *Longsdorf v. Tunson*, 200 F.Supp. 828, 830–31 (D.Colo.1962); *Chesher v. United States Casualty Co.*, 303 N.Y. 589, 105 N.E.2d 99 (1952); *Shumake v. Home Indemnity Co.*, 68 So.2d 789, 793 (La.App.1953). We think these cases have the better side of the argument.

It is difficult to understand the function of the owner exclusion clause if it does not take away coverage from those who, except for its existence, would come within the definition of persons insured. If it only applied to those who were not covered anyway it would be superfluous. And the inclusionary and exclusionary clauses cannot be viewed as totally separate entities which thus create a logical conflict, for they both fall under the language at the beginning of the "Persons Insured" paragraph: "Each of the following is an insured *to the extent set forth below. . . .*" (emphasis added). Thus a permissive user of a hired vehicle is an insured only to the extent set forth, which is to the extent he is not its owner or an employee of its owner.

The purpose of the exclusion seems obvious. The owner should carry his own insurance to protect himself and his employees. The lessee who is the named insured will be protected under the policy, but the owner will not. *National Mutual Insurance Co. v. Liberty Mutual Insurance Co.*, 90 U.S.App. D.C. 362, 364, 196 F.2d 597, 599 (D.C. Cir. 1962); *Longsdorf v. Tunson*, 200 F.Supp. 828, 830–831 (D.Colo.1962). It goes without saying that this purpose would be frustrated if the owner exclusion clause were held not to apply to owners who are also permissive users.

■ This result is not changed by the fact that the lease made Christy and Blohm liable as an employer of Strand for the latter's operation of the truck during the lease term. The rule of expanded vicarious liability which is a requirement of the leasing regulations of the Alaska Transportation Commission, 3 AAC 64.010–.030, is made for the protection of the public.[3] It does not require that Christy and Blohm's insurer assume responsibility for the liability of anyone other than Christy and Blohm. The same is also true of the regulation requiring a motor carrier to maintain liability insurance "conditioned to pay any final judgment recovered against such motor carrier." 3 AAC 64.300.

■ We next consider Alaska Pacific's coverage of Christy and Blohm. Christy and Blohm is an insured under both the Alaska Pacific and the Providence Washington policies.[4] Both policies have identical "other insurance" clauses which read as follows:

*Other Insurance* : The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other

**2.** *See also American Interinsurance Exch. v. Hildebran*, 444 F.Supp. 1248, 1253 (D.S.C. 1978); *United Pac. Ins. Co. v. Truck Ins. Exch.*, 541 P.2d 448, 455 (Or.1975); *Federal Ins. Co. v. Allstate Ins. Co.*, 275 Md. 460, 341 A.2d 399, 407 (1975).

**3.** *See Carolina Cas. Ins. Co. v. Insurance Co. of North America*, 595 F.2d 128, 137 (3rd Cir. 1979).

**4.** The Providence Washington policy covers Christy and Blohm as an insured under a clause which includes another "person or organization but only with respect to his or its liability because of acts or omissions of an insured. . . ."

insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

. . . . .

Both policies contain the following special clause concerning other insurance for a hired automobile:

With respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured.

This clause applies to the Alaska Pacific policy, for as to Christy and Blohm, Strand's truck is a hired automobile; it does not apply to the Providence Washington policy for under that policy the vehicle is an owned automobile. Consequently, with respect to Strand's vehicle, Alaska Pacific's policy supplies excess insurance to Christy and Blohm while Providence Washington's policy supplies primary insurance to Christy and Blohm. There is no conflict in the other insurance clauses and they therefore apply as written. Since the settlement of the Trigg case was within the $100,000 limits of the Providence Washington policy, Alaska Pacific is not required to pay anything.

AFFIRMED.

BOOCHEVER and BURKE, JJ., not participating.