**Max GOOD, Plaintiff,**

v.

**RELIANCE INSURANCE CO.,**
**Defendant.**

**No. C84–137–K.**

United States District Court,
D. Wyoming.

Dec. 5, 1984.

Robert C. Wilson, Douglas, Wyo., for plaintiff.

William S. Bon, Schwartz, Bon, McCrary & Walker, Casper, Wyo., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (WITH FINDINGS)

KERR, District Judge.

The above-entitled matter having come on regularly for hearing before the Court on cross-motions for summary judgment, plaintiff appearing by and through his attorney, Robert C. Wilson, and defendant appearing by and through its attorney, William S. Bon, and the Court having heard the arguments of counsel and having carefully considered the motions and briefs filed herein and being fully advised in the premises, FINDS:

Max Good was in an accident on October 28, 1978 at an oilfield site located in Washakie County, Wyoming, out of which he received personal injuries. At the time of the accident, he was an employee of Tanks, Inc., a Wyoming corporation, which was a wholly-owned subsidiary of Chinook Pipelines, Inc.

Tanks, Inc. had contracted to move a drilling rig belonging to Anderson-Myers and at the time of the accident was in the process of loading the rig parts on to trailers.

At the time of the accident, Patrick K. McCreery, an employee of P.K. Trucking, Inc., was supervising the loading and operating a winch on a 1978 Kenworth Tractor-Trailer, VIN 162642S, which was owned by P.K. Trucking, Inc. and/or Patrick K. McCreery.

The 1978 Kenworth unit had been leased to Tanks, Inc. by a lease signed June 1, 1978. Tax Plate No. 4–90959 was issued to the 1978 Kenworth owned by P.K. Trucking, Inc. and/or Patrick K. McCreery under the Tanks, Inc. Wyoming PSC permit.

During the process of the loading operation, the chains or cable of the truck broke resulting in the matting board falling upon Max Good and causing personal injury to him. On October 28, 1982, Max Good commenced a negligence action in Washakie County, Wyoming District Court against Anderson-Myers, a partnership, and Patrick K. McCreery, d/b/a P.K. Trucking, Inc., seeking damages for his injuries arising out of the accident of October 28, 1978.

At the time of the October 28, 1978 accident, Reliance Insurance Company had in effect a policy of liability insurance numbered CI8 75 46 86 it had issued in the name of Chinook Pipeline, Inc. and any of its owned subsidiaries, which included Tanks, Inc. By letter dated November 22, 1982, the attorney for Patrick K. McCreery notified Reliance Insurance Company of the litigation against McCreery and tendered the defense. On November 24, 1982, McCreery's attorney was notified by Reliance that no coverage was afforded and that they would not enter an appearance for P.K. Trucking or Patrick K. McCreery.

A Certificate of Insurance was filed by Reliance Insurance Company on behalf of Tanks, Inc., as the designated motor carrier, and the policy was amended to provide automobile bodily injury liability insurance covering the obligations imposed upon Tanks, Inc. by virtue of the provisions of the Motor Carrier laws of the State of Wyoming.

Following their refusal to defend and denial of coverage by Reliance Insurance Company, the trial was set, at which time counsel appeared before the court and, although the court took no testimony from any witnesses, the court was advised by counsel of the anticipated testimony and the parties stipulated to the facts of the case. On August 16, 1983, a judgment was signed and entered in the Washakie County District Court finding in favor of Max Good against Patrick K. McCreery and P.K. Trucking Company in the amount of $716,-200.00.

Subsequently, P.K. Trucking, Inc. and Patrick K. McCreery assigned any claims they had against Reliance Insurance Company to Max Good and on or about March

1, 1984, Max Good brought this action in the State District Court in Converse County, Wyoming, seeking a declaration of coverage for P.K. Trucking, Inc. and Patrick K. McCreery, which case was subsequently removed to the United States District Court for the District of Wyoming on April 10, 1984.

The automobile liability provision of the Reliance Insurance Policy provides in relevant part:

III.  PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured;

\*    \*    \*    \*    \*    \*

(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.

\*    \*    \*    \*    \*    \*

None of the following is an insured:
(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;
(ii) the owner or lessee (of whom the named insured is a sub-lessee) of a hired automobile or the owner of a non-owned automobile, or any agent or employee of any such owner or lessee;

The important definitions within the policy provide:

"named insured" means the person or organization named as such on first page of this policy;

"insured" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability; (This is the severability-of-interest clause).

"hired automobile" means an automobile not owned by the named insured which is used under contract in behalf of, or loaned to, the named insured, provided such automobile is not owned by or registered in the name of (a) a partner or executive officer of the named insured or (b) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile;

"non-owned automobile" means an automobile which is neither an owned automobile nor a hired automobile.

The plaintiff has argued that the provisions of the Public Service Commission (PSC) regulations, along with the endorsement of insurance coverage filed by Reliance on behalf of Tanks, Inc., the insurance policy itself, and the Motor Carrier statutes and regulations when combined establish insurance coverage by Reliance for the acts of Patrick McCreery and P.K. Trucking.

The plaintiff has claimed that by virtue of Chapter I, Section 27(B) of the PSC regulations, Patrick McCreery is an employee of Tanks, Inc. and under the provisions of the policy § 111(c), McCreery and P.K. Trucking are, therefore, insured under the policy.

Chapter I, Section 27(B) of the PSC regulations states:

Leasing of equipment shall not include the service of a driver or operator. Employment of drivers or operators shall be made on the basis of a contract of employment by which the driver or operator shall bear the relationship of an employee to the carrier.

In *Barnette v. Hartford Ins. Group*, 653 P.2d 1375 (Wyo.1982), the Wyoming Supreme Court held that where a policy contains a co-employee exclusion clause and a severability-of-interest clause (whereby each person insured is separately insured), insurance coverage cannot be denied by reason of the co-employee exclusion where the co-employee is also insured in a differ-

ent capacity (other than as employer) under the "persons insured" paragraph.

Assuming, that pursuant to the PSC regulations, McCreery is an employee of Tanks, Inc., plaintiff suggests that McCreery is separately insured under the "permissive user" clause and, therefore, under the holding of *Barnette*, McCreery would be insured. However, this argument overlooks the "owner" exclusion clause which excepts certain parties from insurance coverage.

■ There is a diverse split in authority as to whether the "[o]wner exclusion clause only applies to exclude owners or their employees who do not fall within the definition of persons insured," ... or whether the owner exclusion clause operates "[t]o remove from coverage those who fall within the terms even though they are also within the definition of an insured." *Providence Washington Ins. Co. v. Alaska Pacific Assur.*, 603 P.2d 899, 900–901 (Ala. 1979). In *Providence*, the court held that such an owner exclusion clause excepts from coverage those which would have fallen within the definition of "persons insured." The court stated:

It is difficult to understand the function of the owner exclusion clause if it does not take away coverage from those who, except for its existence, would come within the definition of persons insured. If it only applied to those who were not covered anyway it would be superfluous. And the inclusionary and exclusionary clauses cannot be viewed as totally separate entities which thus create a logical conflict, for they both fall under the language at the beginning of the 'Persons Insured' paragraph: 'Each of the following is an insured to *the extent set forth below* ...' (emphasis added). Thus a permissive user of a hired vehicle is an insured only to the extent set forth which is to the extent he is not its owner or an employee of its owner. *Providence*, 603 P.2d at 902.

■ While Wyoming has not yet ruled on this specific issue, we believe that Wyoming, like this court, would find persuasive the reasoning of the *Providence* case as well as those cases holding likewise and cited therein. See also Annot. 32 A.L.R.2d 572 (1953); and Later Case Service Annot. 32 A.L.R.2d 572 (1977, 1984 suppl.).

The basis for such an exclusion is that normally an owner of a vehicle carries his own liability insurance. 12A COUCH ON INSURANCE § 45:1023 (2d ed. 1981); *Providence*, 603 P.2d at 902.

Many of the cases holding to the contrary can be distinguished for various reasons.

■ However, we acknowledge where a plaintiff prevails against the insured lessee, for the negligence of an operator or owner, the lessee's insurer is normally held liable, "[b]ut if the injured party brings suit solely against the owner of a hired vehicle, the lessee's insurer assumes no responsibility either to the owner ... or to the injured party." 12A COUCH ON INSURANCE § 45:1026 (2d ed. 1981).

This Court is aware that some statutory or regulatory provisions may affect the applicability of the owner exclusion. However, where, as here, the regulations do not require the motor carrier to insure the owner or operator of a hired or leased vehicle, the regulations do not effect the owner exclusion in the Reliance policy.

Under the Wyoming PSC regulations the motor carrier is required to carry at least a specified amount of insurance to:

... pay, within the amount of such policy of insurance, (or certificate of insurance in lieu thereof), or other securities or agreements, any *final judgment* recovered against such *motor carriers* for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles in transportation subject to said Act, or for loss of or damage to property of others. (emphasis added).

At the time of the lease and accident, W.S. § 37–8–101(a)(xiii) (1977) provided that the term "motor carrier" included the motor carrier and any lessee, trustee, re-

ceiver, or assigns. However, we fail to see how McCreery or P.K. Trucking fall within the statutory definition of "motor carrier" as a lessor and operator of the vehicle and, therefore, be insured under Tank's policy.

It is the opinion of this Court that McCreery and P.K. Trucking were not insureds under the Reliance policy as coverage was excluded by the "owner exclusion clause."

Plaintiff further contends that in the lease agreement between Tanks, Inc. and McCreery and P.K. Trucking, Tanks agreed to furnish insurance coverage for bodily injury. Regardless of the interpretation of that portion of the lease agreement, the insurance policy provides a very specific exclusion that the "[i]nsurance does not apply: (a) to liability assumed by the INSURED under any contract or agreement;" ...

Further, the fact that the Reliance policy listed the leased McCreery-P.K. vehicle on its schedule of insured vehicles does not likewise mean that the owner and operator thereof are automatically insured. It is apparent from the policy that these scheduled vehicles were insured against certain types of physical loss and damage, but nowhere does it appear that the scheduling and insuring of the vehicle provided insurance coverage for the operator or owner of the vehicle.

Additionally, the Court finds that the defendant, Reliance Insurance Co., did not breach its duty to defend and that the defendant acted in good faith in so refusing.

Based on the foregoing, the Court finds there is no dispute as to any material fact and the matter is ripe for summary judgment.

NOW, THEREFORE, IT IS

ORDERED that plaintiff's motion for summary judgment be, and the same is, hereby denied; it is

FURTHER ORDERED that defendant's motion for summary judgment be, and the same is, hereby granted.