**HORACE MANN INSURANCE COMPANY, Appellant,**

v.

**COLONIAL PENN INSURANCE COMPANY, Appellee.**

No. S–2962.

Supreme Court of Alaska.

July 28, 1989.

Mark A. Sandberg, Camarot, Sandberg & Smith, Anchorage, for appellant.

Robert L. Eastaugh, Delaney, Wiles, Hayes, Reitman & Brubaker, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This case arises out of litigation between Colonial Penn Insurance Company (Colonial Penn) and Horace Mann Insurance Company (Horace Mann). Colonial Penn sued Horace Mann, seeking to compel it to contribute its pro rata share of settlement and defense costs provided by Colonial Penn to a joint insured. Colonial Penn maintained that its "pro rata" other insurance clause conflicted with Horace Mann's "excess" other insurance clause. The trial court granted Colonial Penn's motion for partial summary judgment and denied Horace Mann's cross-motion for summary judgment. Horace Mann appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Colonial Penn issued an automobile insurance policy to William and Bergie Hecker, covering their Buick automobile. The policy provides coverage for "any person using a listed auto ... with [their] permission." Additionally, the policy includes an "other insurance clause." This clause provides that when other insurance is available to cover a loss, Colonial Penn will only cover its pro rata share of the loss.[1]

Horace Mann issued a policy to the Hecker's daughter, Barbara, covering her pickup truck. This policy provides coverage for non-owned automobiles and includes an "other insurance" clause. Horace Mann's "other insurance" clause provides that when other insurance is available it will pay its pro rata share of any covered loss.[2] Like the Colonial Penn clause, Horace Mann's clause further provides that its insurance is to be considered excess as to non-owned automobiles.

While driving her parents' automobile with their permission, Barbara was involved in a collision with a vehicle occupied by Mr. Cortez Tyler. Tyler sued Barbara. Colonial Penn defended the lawsuit, settling Tyler's claim within its policy limits. Although Barbara qualified as an insured under Horace Mann's policy, it refused to defend her or contribute to the settlement.

Barbara assigned all her rights against Horace Mann to Colonial Penn. Colonial Penn filed suit against Horace Mann, seeking to compel it to contribute its pro rata share of the settlement and defense costs. It moved for partial summary judgment, contending that its pro rata "other insurance" clause conflicted with Horace Mann's non-owner "excess clause." Colonial Penn asserted that our decision in *Werley v. United Services Automobile Association*, 498 P.2d 112 (Alaska 1972), required Horace Mann to contribute its pro rata share of settlement and defense costs.

Horace Mann opposed Colonial Penn's motion and filed a cross-motion for summary judgment. It asserted that our decision in *Providence Washington Insurance Co.*

---

1. In part Colonial Penn's "other insurance" clause reads:

   *If a loss involves a listed auto.* In a loss that involves a listed auto, an insured person may have other insurance against the same loss. If so, we won't be liable for more than our share of the loss. Our share of the loss will be the proportion this policy's coverage is of the total amount of all valid and collectible insurance.

   . . . .

   *If a loss involves the use of a non-owned auto or a temporary substitute auto.* A loss may involve the use of a non-owned auto or a temporary substitute auto. A temporary substitute auto is a non-owned auto used as a substitute for a listed auto while the listed auto is not in normal use because of its breakdown, repair, servicing, loss or destruction. For losses that involve such autos this policy will be excess insurance.

2. Horace Mann's "other insurance" clause provides:

   OTHER INSURANCE
   If the *insured* has other insurance against a loss covered by *bodily injury* and *property damage* liability coverage of this policy the company shall not be liable under this policy for a greater proportion of such loss then the applicable limit of liability states in the declarations bears to the total applicable limit of liability of all collectible insurance against such loss[.]

   . . . .

   3. Subject to the foregoing paragraph 2, the insurance with respect to any ... *non-owned automobile* shall be excess over other collectible insurance.
   (Emphasis in original).

(Emphasis in original).

*of Alaska v. Alaska Pacific Assurance Co.*, 603 P.2d 899 (Alaska 1979), was dispositive. It argued that it, therefore, was not required to contribute to the Tyler lawsuit settlement and defense costs.

Relying on *Werley*, the trial court granted Colonial Penn's motion. All remaining issues were dismissed by stipulation of the parties. The trial court entered final judgment against Horace Mann, awarding Colonial Penn Horace Mann's pro rata share of the Tyler lawsuit's settlement and defense costs. Horace Mann appeals.

## II. DISCUSSION

■ When reviewing a trial court's interpretation of a written contract based exclusively on documentary evidence, we substitute our independent judgment for that of the trial court. *Ursin Seafoods, Inc. v. Keener Packing Co.*, 741 P.2d 1175, 1178 (Alaska 1987). A party is entitled to summary judgment only when the "record indicates that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Hale v. Fireman's Fund Ins. Co.*, 731 P.2d 577, 579 (Alaska 1987) (citation omitted). Here the facts are not in dispute. Thus, Colonial Penn is entitled to summary judgment if the trial court could properly grant it summary judgment as a matter of law.

■ Horace Mann argues that there is no conflict between its "other insurance" clause and Colonial Penn's. It reasons that its policy provides excess coverage as to non-owned automobiles when other available insurance exists. According to Horace Mann, until Colonial Penn exhausts its limits, its coverage is not other available insurance within the meaning of Colonial Penn's "other insurance" clause. Thus, it concludes no conflict between the "other insurance" clauses exists. At. Br. 7.

The fallacy of this argument is that Colonial Penn's policy does not prorate with other available insurance. Instead, it prorates with other "valid and collectible insurance." This term is clearly intended to include all insurance that would cover the loss in the absence of "other insurance." Thus, in this case a conflict arises. Colonial Penn's policy requires proration; on the other hand, Horace Mann's policy requires that it be treated as excess insurance.

Horace Mann's argument that the clauses are clear and do not conflict raises an issue similar to that resolved in *Werley v. United Services Automobile Association*, 498 P.2d 112 (Alaska 1972). In *Werley*, the three policies covering the loss contained excess and pro rata "other insurance" clauses. *Id.* at 114. United Services argued that it was clear from the policy language that one policy provided primary coverage and the others, intended as excess coverage, were inapplicable. *Id.* at 116. In rejecting this argument, we concluded that the approach and reasoning adopted by the Oregon Supreme Court in *Lamb–Weston, Inc. v. Oregon Automobile Insurance Co.*, 219 Or. 110, 341 P.2d 110 (Or. 1959), provided the best resolution of problems involving conflicting "other insurance" clauses. *Id.* at 119.

In *Lamb–Weston*, the Oregon court concluded that the best approach was to find conflicting "other insurance" clauses repugnant and reject them *in toto*. 341 P.2d at 119. Under this rule, the loss is then "prorated between the insurers up to the respective policy limits." *Werley*, 498 P.2d at 117. In adopting the *Lamb–Weston* rule, we necessarily adopted its rejection of artificial means to determine which policy is primary. *Id.* Thus here, because there is a conflict in the "other insurance" clauses, the insurers must prorate the loss.

Contrary to Horace Mann's contention, this is not a case like *Providence Washington Insurance Co. of Alaska v. Alaska Pacific Assurance Co.*, 603 P.2d 899 (Alaska 1979). In *Providence Washington*, both policies' "other insurance" clauses stated that the policy was "primary insurance[ ] except when stated to apply in excess of or contingent upon the absence of other insurance." *Id.* at 902–03. Both policies also stated that they were excess as to hired automobiles. *Id.* at 903. The vehicle involved in the accident was a hired automobile as to Alaska Pacific; under Prov-

idence Washington's policy, the vehicle was owned. Thus, we concluded that there was no conflict in the "other insurance" clauses. *Id.* at 903. In this case neither policy's language asserts that it is primary.

Thus, we conclude that the trial court correctly found that the "other insurance" clauses were in conflict and prorated the loss between Colonial Penn and Horace Mann.

For the above reasons the trial court is AFFIRMED.

BURKE, J., not participating.